Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------X
HENRY PETERS, PAMELA PETERS

      PLAINTIFFS                Case No. 07-2210


-AGAINST-                    **FINAL PRE-TRAIL ORDER**

ROLAND DAVID, NATIONAL COMMERCIAL
BUSINESS CREDIT,
R. DAVID & ASSOCIATES, PA, LLC
ALEXANDER DY, PNC BANK,         **TRIAL BY JURY**
FGC COMMERCIAL MORTGAGE FINANCE,
JOURNEYMAN TITLE AGENCY**,** INC.,
JOHN DOE 1-10, XYZ, INC 1-10:
ten names being fictitious and
unknown to the plaintiff, the person
or parties intended being the persons
or parties, if any,
      DEFENDANTS.
---------------------------------------------**X**


1.  **JURISDICTION (set forth specifically)**

 This Court has subject matter jurisdiction over all causes of action stated in this

complaint pursuant to 15 U.S.C. §1640 and supplemental jurisdiction pursuant 28

U.S.C. §1367 over Counts II, III, IV, and V. Venue in this district is proper because

all parties are located here and the transactions complained of took place here.

**2.  PENDING CONTEMPLATED MOTIONS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the court indicated that it would rule on any matter at pretrial, summarize that matter. Each party's contemplated in limine motions should also be set forth.)**

**a)** Consolidation of this case and 09-3774.

Defendant Alexander Dy objects as plaintiffs' motion to consolidate is moot as the Bankruptcy Adversary Proceeding Case No. 07-02219 was not properly and timely transferred to District Court.  Defendant Alexander Dy's position is that the adversary proceeding was dismissed prior to removal to District Court.  In addition, Defendant Dy maintains that Case No. 09-3774 should be dismissed based upon the Order of the Bankruptcy Court dated January 8, 2009. Defendant David joined in the opposition to this motion of Defendant Dy for the same reason. The bankruptcy proceeding was not properly and timely joined and was dismissed.

Concerning consolidation Plaintiff alleges that its critical that cases 07- 2219 and 09-3774 should be consolidated.  The allegations in the complaints are nearly identical.  The parties are also nearly identical with the addition of Goldstar Mortgage and Title Company. The case was removed as soon as the clerk removed it; there was case to remove therefore the case was not dismissed.  The application is pending presently before the Honorable Judge Hayden.

2.    Pending Motion to Dismiss Plaintiffs' Complaint in Case No. 09-3774.

Plaintiff objects to said motion an basis of estoppel, waiver of laches.

3.   Defendant Alexander Dy  contemplating Motion for Summary Judgment on all claims, cross-claims, and counterclaims.

 Plaintiff objects to said motion an basis of estoppel, waiver of laches.

4.   Defendant Roland David has no pending motion.

5.   Motion to compel discovery of Plaintiff by Goldstar Mortgage is case 09- 3774. Plaintiff will agree to comply with all discovery request.

6.   Plaintiff will file motions in limine to exclude objected to exhibits and new legal theories of defendants not contained in their answers.

**3. STIPULATION OF FACTS (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)**

Henry and Pamela Peters owned a home at 10 Ashby Lane, Unit 15G, Newark, NY up until August 23, 2006

Defendant agrees to that there was a meeting held, between the Plaintiffs and the Defendant Alexander Dy.

**4. CONTESTED OF FACTS (Proofs shall be limited at trail to the contested facts set forth. Failure to set any contested facts shall be deemed a waiver thereof.)**

   **A.  Plaintiff:**

In 1997 the Plaintiffs purchased their home located on 10 Ashby Lane, Unit G Bldg. 15, Newark, New Jersey for $145,000.00 and entered a mortgage with Chase Manhattan for that amount through a Veterans Administration loan. In 2004, Mr. Peter fell ill, and wasn't able to work and therefore couldn't afford his mortgage payments. The property

went into foreclosure and the Plaintiffs filed then for Chapter 13 bankruptcy, and the case was dismissed. June 2004, the property was sold to Frank and Marilyn Scott, who are Mrs. Peters parents, for $204,000.00. It was financed thru Greenpoint for $183,000.00, and it paid off the Peters loan. The Plaintiffs resided in that home for one more year.

Mr. Scott passed away on December 7, 2005 and Mrs. Scott had a stroke in February the following year. which required for the Plaintiffs to assist them financially. On March of 2006 where paying up the mortgage, as the insurance went up to $2,200 a month. When attempting to make a payment in April, Greenpoint refused to accept the payment. The property then went foreclosure in June of 2006.

The Peters were facing hardships, so when they received a brochure in the mail, promising them to be rescued form foreclosure. A meeting was set with Mr. Roland David, director of National Commercial and Business Credit, Inc. The Defendant, Mr. Roland David, proposed a mortgage "rescue" offer to purchase the Peters home, and give them cash from the available equity. To allow them to lease back there home, and payments will be lessened to what they are paying now. The Defendant convinced the Peters that this will actually help them by, saving money and keeping there house. During this meeting there was not mention of any details about, the price, interest, monthly payments, duration of payments or any other disclosures was discussed.

The Peters paid almost $12,000 dollars, which they were told it is necessary for the refinancing. The Defendant Ronald David represent to the Peters that he will file previous tax returns which weren't filed at that time. He charged the Peters $500 for each year's State and Federal returns. Mr. Peters paid $1,500 for the three years worth of tax returns.

The defendant returned the copies of their returns; however, he failed to file them with the IRS. Mr. Peters sent out the files to the IRS and refund of $6000. The Defendant told the Plaintiffs to pay the full $6000 to him for various cost in association with the mortgage transaction. Plaintiffs paid the $6000 to the Defendant, and there was no receipt as sign of payment.

The plaintiffs where told that the closing would be held on August 30, 2006 at Ronald's office in Sparta, New Jersey, where they signed some papers that were deed to Alexander Dy. They where told their financing was completed and told to leave. The Plaintiffs repeatedly asked for copies of the documents, never received it after being told it would be mailed to them. The Peters started paying $3005.37 each month, after which the Defendants failed to provide any documents, and calls were not returned. The Peters stop paying and Alexander Dy threatened to evict them, when the Peters demand there home back. Which Roland offered to sell the home back for $279,000.00, the Peters refused to pay the inflated price. The Plaintiffs where evicted from there house due to the Fraudulent Transaction and inflated rent. The Peters never received any of the money from the sale of there house despite the fact that it was sold for $310,000.00, and they were tricked into signing a release of the proceeds from the sale of their property to Alexander Dy.

**B.   Defendant's Alexander Dy Contested Facts:**

1.   Plaintiffs were unable to make mortgage payments on the property in early 2000.

2.   Chase Manhattan Mortgage Corporation filed a foreclosure

action against the plaintiffs for failure to make mortgage payments on August 17, 2001 in the Superior Court of New Jersey, Chancery Division, Essex County, Docket No: F-15574-01.

3.   Plaintiffs failed to make payments to the Association, Society Hill at University Heights III Condominium Association, Inc.  A foreclosure action was filed against the plaintiffs on January 28, 2002 in the Superior Court of New Jersey, Chancery Division, Essex County, Docket No., F-2173-02.

4.   Plaintiffs filed for Chapter 13 Bankruptcy in New Jersey District Bankruptcy Court on March 8, 2002, in order to prevent a foreclosure sale of the Property.

5.   As a result of the plaintiffs' failure to make chapter 13 bankruptcy plan payments, their bankruptcy was dismissed.

6.   After the dismissal of their Chapter 13 Bankruptcy, plaintiffs sought the advice from a person named Robert who was an employee at a Company that was owned and operated by defendant Roland David.

7.   Robert was an employee at Home Mortgage Company of America.

8.   Roland David owned and worked at Home Mortgage Company of America.

9.   Based upon the advice from defendant Roland David's employee, plaintiffs sold the property to Pamela Peters' parents Frank and Marilyn Scott in 2004 to avoid a foreclosure sale.

10.  Defendant Roland David's company, Home Mortgage Company of America arranged the financing to Frank and Marilyn Scott to purchase the property.

11.  A closing occurred on June 16, 2004, at defendant Roland David's office.

Present at the closing were the Plaintiffs, the Scotts, Defendant Roland David and his employees.

12. Frank and Marilyn Scott obtained a mortgage from Greenpoint Mortgage Funding, Inc.  In addition, the Scotts' obtained a second mortgage from Defendant Roland David in the amount of Five Thousand Four Hundred Twenty One Dollars and Forty-Two Cents ($5,421.42).

13. After the closing, the plaintiffs continued to reside in the property and made payments for the mortgage directly to Greenpoint Mortgage Funding, Inc.

14. Again, plaintiffs were unable to pay the mortgage and Association fees about one year after the closing in 2004.

15. Defendant Roland David, his employees and the plaintiffs arranged to transfer the property back to the Plaintiffs from the Scotts.

16. On January 12, 2005, Frank and Marilyn Scott transferred the property back to the plaintiffs.

17. As a result of the plaintiffs' failure to pay the mortgage, a foreclosure lawsuit was initiated by Mortgage Electronic Registration Systems, Inc. against Frank and Marilyn Scott in June 2, 2005, in Superior Court of New Jersey, Essex County, Chancery Division, Docket No. F-8486-05.

18. The Foreclosure Complaint was amended to include defendant Roland David and Society Hill at University Heights Condominium III.

19. A copy of the summons and complaint was served personally upon plaintiff Henry Peters on June 9, 2005.  Defendant Roland David was personally served with the summons, complaint, and amendment to complaint on July 13, 2005.

20. In order to stop the foreclosure on the property and obtain more time, plaintiffs filed a letter addressed to Judge Kenneth S. Levy, Chancery Division, Superior Court of New Jersey filed on February 3, 2006.

21. Defendant Roland David and the plaintiffs agreed on a plan where they would sell the property, rent the property and remain as tenants. Plaintiffs agreed to the plan. An appraisal was done on the property.

22. The plaintiffs and defendant Alexander Dy arrived at defendant Roland David's office on August 24, 2006, for a closing.

23. Plaintiffs executed a deed to Alexander Dy dated August 24, 2006.

24. Plaintiffs and defendant Alexander Dy signed a one year lease for the period of August 25, 2006 until August 25, 2007.

25. In October of 2006, Plaintiffs became delinquent on their monthly rent payments as their rent check bounced.

26. Defendant Alexander Dy received rent from the Plaintiffs in the amount of Four Thousand Three Hundred and Fifty Five Dollars ($4,355.00) for the period of August 25, 2006 until December 31, 2006.

27. Defendant Alexander Dy received rent from the Plaintiffs in the amount of Four Thousand and Fifty Dollars ($4,050.00) for the period of January 1, 2007 until December 31, 2007.

28. At all times herein mentioned, defendant Roland David was the acting agent, representative and/or employee of the plaintiffs.

29. Plaintiffs have a long history of non-payment and have been default on

previous mortgages.

30. Defendant Roland David worked with the plaintiffs on a previous sale and leaseback transaction with plaintiff Pamela Peter's parents, Frank & Marilyn Scott.

31. Defendant Roland David and the plaintiffs have a working relationship since 2004.

33. The plaintiffs retained defendant Roland David as their acting agent representative and/or employee on several transactions.

34. The foreclosure of the property would cause a loss to defendant Roland David and the plaintiffs.  As a result, the plaintiffs and defendant Roland David developed a plan to rescue the property from foreclosure by selling the property similar to the previous transaction with Frank and Marilyn Scott.

35. Defendant Roland David acting as an agent, representative, and/or employee on behalf of the plaintiffs contacted Defendant Alexander Dy to meet with him and the plaintiffs.

36. Alexander Dy was a first time home buyer and never purchased any real property prior to the transaction on August 24, 2006.

37. On or about August 2006, Defendant Roland David and the plaintiffs first met with defendant Alexander Dy and informed him that he would be helping the plaintiffs by purchasing the property and becoming a first time home owner.

38. During this meeting on or about August 2006, the plaintiffs and defendant Roland David fraudulently misrepresented to defendant Alexander Dy and informed him that he would be helping the out the plaintiffs.  In addition, the plaintiffs and defendant Roland David represented to Alexander Dy that they previously worked together to persuade and convince him that this was a valid transaction.

39. The plaintiffs and defendant Roland David had knowledge of the falsity of these statements and misrepresentations as the parties previously worked together.

40. Defendant Alexander Dy was unaware of the falsity and misrepresentations of these statements made by the plaintiffs and defendant Roland David.

41. Convinced by Defendant Roland David and the plaintiffs, defendant Alexander Dy reasonably relied on the fraudulent misrepresentations and agreed to assist them to his detriment.

42. A closing occurred on August 24, 2006.  Upon the advice of defendant Roland David acting as an agent of the plaintiffs, defendant Alexander Dy was told that he did not need an attorney to represent him.  Defendant Alexander Dy signed various documents.

43. Defendant Alexander Dy entered into a one year lease with the Plaintiffs.

44. The plaintiffs continued to live rent free in the house for approximately eight months.  They promptly defaulted on the rent by bouncing checks on or about October 2006.  The plaintiffs constantly informed defendant Alexander Dy that they needed more

time to pay the rent.  Defendant Alexander Dy allowed them to pay late or partial

payments since October 2006.  Defendant Alexander Dy continued to extend courtesy to

the plaintiffs.  Defendant Alexander Dy paid the monthly mortgage on the property

despite receiving no rent from the plaintiffs.  After being in arrears for approximately

eight months and paying the monthly mortgage payments, Defendant Alexander Dy was

forced to bring eviction proceedings.

45. Defendant Alexander Dy was granted judgment of possession in Superior

Court on September 12, 2007. Plaintiffs immediately filed for Chapter 13 Bankruptcy to

stall eviction proceedings.  Plaintiffs never included the lease or judgment of possession

in their latest Chapter 13 Bankruptcy.

46. The plaintiffs continued to live rent free in the property until the bankruptcy

court ordered adequate protection payments for use and occupancy to defendant

Alexander Dy.  The Plaintiffs consistently failed to make timely and monthly adequate

protection payments set by the Court, moved out of the property and ultimately their

Chapter 13 Bankruptcy case was dismissed.  Plaintiffs failed to pay use and occupancy

for the months of July, August, September and October.

47. Defendant Alexander Dy has been forced to over extend himself by having to

defend against the baseless and frivolous lawsuits filed by the plaintiffs in Bankruptcy

Court, this Court, and to pay the mortgage payments, taxes, insurance and association

fees on the property to his detriment.

**C. Defendant's  Ronald David Contested Facts:**

The defendant Roland David did not proposed any rescue offer to purchase the home nor to give anyone cash from the available equity, nor to lease back Scott home and payments nor to lesser any payment.  Defendant David made no promises of any kind, nor got involved in the details of any transaction.  He only indicated to the family of defendant Dy that the property was available because they were seeking for a property for their son Dy to purchase or for them to purchase on his behalf.  Defendant Roland David agreed to prepare tax returns for the Peters but only to prepare them, he was paid a fee portion by Peters.  He never agreed to file the returns.  The Peters were to file them.  The Peters received the return to be filed by them from defendant Roland David.  Defendant Roland David had not had any further involvement after the sellers of the home and Dy got together for the purchase of the home.  It is not true that the Peters did not know Roland David since he dealt with them when they sold the house to Scott's years before.

He never made any proposal and plan to the Peters.  David however, in their prior transaction when the Scott purchased the house from the Peters lent $ 5, 421.42 to the Scott that they could close and secured his loan with a note and mortgage.  Defendant David did not know of any transaction by which the Scott sold the home to the Peters, defendant Roland David did not know of any bankruptcy of the Peters, he offered his office for the  closing of the Dy's as a convenience to the Dy's and he received from the transaction the amount of the note he had lent to the Scotts.  Mr. David is not a Real Estate Broker and never was.  He never met with the Peters or with the Scott after the

transaction with the Dy's.  Defendant Roland David never promised to sell back the property after the August 30, 2006 closing of the home.

 To the knowledge of Mr. David there was a valid sale to Dy and the details of the accords between Dy and the other parties to the transaction he does not know.

In essence Roland David participated in helping the Scott to purchase the house of the Peters and lent the Scott the sum stated above to close taking a note and mortgage securing the note.

When, the house was in foreclosure he indicated to the Dy's that the house was available and the Dy's made their agreement with the sellers, the closing happened at his office, where he collected the sums owed to him under the loan to the Scott.  He was not involved nor knew of the details of the agreement between the seller and the Dy's. Mr. David had not participation in the loan.  He agreed to prepare the Peter Income tax Returns, and he did so, but the Peters were to file them, he delivered the prepared forms to the Peters.

The closing was not done by Mr. David's office but by a Title Closing Agent of the Title Company.  Mr. David was not present at the closing.


**5. Fact Witnesses: (Aside from those called for impeachment purpose, only the fact witnesses set forth by name address may testify at trail. No summary of testimony is necessary.)**

      A.  Plaintiff:

1.   Plaintiffs Henry and Pamela Peters

    c/o Shmuel Klein, P.C.
    113 Cedarhill Ave.
    Mahwah, NJ 07430

2.   Roland David
    Empire State Building
    30 Rockefeller Plaza
    New York, NY, 10112

3.   Alexander Dy
    93 Main Street
    Ridgefield Park, New Jersey 07660

4.   Joanne Raggie
    PO Box 556
    Franklin, NJ 07416

5.   Carol Zagoric
    3 Kimberly Lane
    Glenwood, NJ 07418

      B.  Defendant Alexander Dy:

1.   Plaintiffs Henry and Pamela Peters
    c/o Shmuel Klein, P.C.
    113 Cedarhill Ave.
    Mahwah, NJ 07430

2.   Roland David
    c/o Tomas Espinosa, Esq.
    4005 Bergenline Ave., 2nd Fl.
    Union City, NJ 07087

3.   Carol Zagoric
    3 Kimberly Lane
    Glenwood, NJ 07416

4.   Joanne Raggi
    PO Box 556
    Franklin, NJ 07416

5.   Lynn Lazaro
    18 White Lake Road
    Sparta, NJ 07871

6.   Ari Milton Brafman, president

Journeyman Title Agency, Inc.
1031 Minisink Way
Westfield, NJ 07090

C. Defendant Ronald David:

1.   Roland David
     1719 Route 10,
     Parsippany, NJ 07054

**6. Expert Witnesses: ( No expert shall be permitted to testify at trial unless identified below by name and address and unless the expert's curriculum vitae and report are attached hereto. An expert's qualifications may not be questioned unless the basis therefore is set forth herein.)**

Linda E. Fisher
833 McCarter Highway
Newark, NJ 07102

Defendant Alexander Dy objects to any testimony of the plaintiffs' expert witness as the plaintiffs failed to comply with the Court's Pretrial Scheduling Order.  Plaintiffs failed to deliver any expert reports by the deadline of August 14, 2009.

**7. Deposition**

**Plaintiff:** NA

**Defendant Ronald David**: Complete depositions of Roland David Page 1 thru 131 dated 8/18/2009.

**8. Exhibits (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibits list attached hereto may be introduced at trial. Objections to authenticity are deemed waived unless such objections are set forth).**

| Exhibit No. | Date | Description |
|---|---|---|
| 1 | 6/21/06 | Contract of Sale of Real Estate between Henry Peters And Alexander Dy |
| 2 | 8/24/06 | Uniform Residential Loan Application |
| 3 | 8/24/06 | Mortgage by FGC Commercial Mortgage Finance Signed by Alexander Dy |

| 4 | 8/24/06 | Adjustable Rate Note signed by Alexander Dy |
|---|---------|---------------------------------------------|
| 5 | 8/24/06 | Balloon Payment Rider to Note signed by Alexander Dy |
| 6 | 8/24/06 | Condominium Rider signed by Alexander Dy |
| 7 | 8/24/06 | Adjustable Rate and Balloon Payment Rider of Signed by Alexander Dy |
| 8 | 8/24/06 | Truth in Lending Disclosure Statement signed By Alexander Dy |
| 9 | 8/24/06 | Itemization of Amount Financed signed by Alexander Dy |
| 10 | 8/24/06 | Estimated Payment Letter signed by Alexander Dy |
| 11 | 8/24/06 | Escrow/Impound Account Agreement signed by Alexander Dy |
| 12 | 8/24/06 | Borrower's Certification and Authorization by Alexander Dy |
| 13 | 8/24/06 | Signature/Name Affidavit signed by Alexander Dy |
| 14 | 8/24/06 | Disclosure Statement signed by Alexander Dy |
| 15 | 8/24/06 | Adjustable Rate Mortgage Loan Program signed by Alexander Dy |
| 16 | 8/24/06 | NJ Application Disclosure signed by Alexander Dy |
| 17 | 8/24/06 | Occupancy Affidavit and Financial Status Signed by Alexander Dy |
| 18 | 8/25/06 | Lease between Henry Peters and Alexander Dy |
| 19 | 8/29/06 | Checks issued by Journeyman Title Agency |
| 20 | 8/25/06 | Calculation of Expenses |
| 21 | 8/25/06 | Revised Calculation of Expenses |
| 22 | 8/25/06 | Documents from Journeyman Title Agency showing Payment |

| 23 | 11/5/07 | Uniform Residential Loan Application signed by Alexander Dy |
| 24 | 11/5/07 | Mortgage by US Bank National Association signed by Alexander Dy |
| 25 | 11/5/07 | Occupancy and Use Statement signed by Alexander Dy |
| 26 | 11/5/07 | Adjustable Rate Note signed by Alexander Dy |
| 27 | 8/10/07 | Landlord Identity Statement by Alexander Dy |
| 28 | 11/5/07 | Settlement Statement signed by Alexander Dy |
| 29 | 11/5/07 | Indemnity and Affidavit as to Debts and Liens and Possessions signed by Alexander Dy |
| 30 | 11/5/07 | Marital Affidavit signed by Alexander Dy |
| 31 | 11/5/07 | Affidavit of Title signed by Alexander Dy |
| 32 | 11/5/07 | Settlement Statement signed by Alexander Dy |
| 33 | 10/29/07 | Payoff Statement by Fremont Investment Loan |
| 34 | 8/24/06 | Discharge of Assessment Lien and Mortgage |
| 35 | | Funding Schedule of loan of Alexander Dy |
| 36 | 11/5/07 | Addendum to HUD-1 Settlement Statement signed By Alexander Dy |
| 37 | 11/5/07 | Federal Truth-In-Lending Disclosure Statement signed By Alexander Dy |
| 38 | | First Payment Letter from US Bank National Association |
| 39 | 11/5/07 | Good Faith Estimate signed by Alexander Dy |
| 40 | 11/5/07 | Itemization of Amount Financed of applicant Alexander Dy |
| 41 | 11/5/07 | Truth-In-Lending Disclosure Statement signed by Alexander Dy |

| 42 | 8/24/06 | Deed Henry and Pamela Peters and Alexander Dy |
|---|---|---|
| 43 | 8/18/09 | Complete depositions of Roland David Page 1 thru 131 |

**Defendant Alexander Dy's Objections to Authenticity and Redaction:**

| Exhibit | Date | Description |
|---|---|---|

1. Plaintiffs' Exhibit 20
2. Plaintiffs' Exhibit 21
3. Plaintiffs' Exhibit 22
4. Plaintiffs' Exhibit 23
5. Plaintiffs' Exhibit 33
6. Plaintiffs' Exhibit 35
7. Plaintiffs' Exhibit 38

**Defendant Alexander Dy's Trial Exhibits**

| Exhibit | Date | Description |
|---|---|---|
| 1 | 8/17/01 | Copy of Certified Copy of Civil Action Foreclosure Complaint, Docket No.F-15574-01Chase Manhattan Mortgage Corporation v. Henry T. Peters and Pamela F. Peters, His wife, Jefferson Bastidas. |
| 2 | 1/07/02 | Copy of Certified Copy of Civil Action Amendment to Complaint,Docket No.F-15574-01 Chase Manhattan Mortgage Corporation v. Henry T. Peters and Pamela F. Peters, His wife, Jefferson Bastidas. |
| 3 | 12/31/01 | Copy of Notice of Lis Pendens filed on 12/31/01 by Chase Manhattan Mortgage. |
| 4 | 1/08/02 | Copy of Amended Notice of Lis Pendens Recorded on 1/08/02 by Chase Manhattan Mortgage. |
| 5 | 1/28/02 | Copy of Certified Copy of Civil Action Foreclosure Complaint, Docket No.F-2173-02 Society Hill at University Heights III Condominium Association, Inc. v. HenryT. Peters and Pamela F. Peters, his wife. |
| 6 | 3/14/02 | Copy of Notice of Lis Pendens on 3/14/02 By Society Hill at University Heights III Condominium Association, Inc., Docket No. F-2173-02. |

7   10/07/09   Copy of minutes of Bankruptcy Petition In re: Henry Terence Peters and Pamela Francine Peters, Chapter 13 Bankruptcy, Case No.02-32669-RG, U.S. Bankruptcy Court, District of New Jersey (Newark), obtained from PACER.

8   1/06/03   Copy of Doc. 13 Notice of Motion for Relief Stay filed by Chase Manhattan Mortgage, for failure of Debtor Henry and Pamela Peters to make monthly mortgage payments obtained from PACER.

9   8/11/03   Copy of Doc. 20 Certification of Scott Non-payment filed by Chase Manhattan Mortgage obtained from PACER.

10  8/22/03   Copy of Doc. 21 Order of Hon. Rosemary Gambardella, automatic stay is vacated, Chase permitted to proceed with foreclosure Action obtained from PACER.

11  10/28/03  Copies of Doc. 23, Notice of Trustee's Motion to Dismiss or Direct Employer to Pay Trustee or for an Entry of an Order For Default Clause and Certification Obtained from PACER.

12  12/30/03  Copy of Order of Hon. Rosemary Gambardella, dismissing Henry and Pamela Peters' Chapter 13 Bankruptcy Petition Filed on 12/30/03, obtained from PACER.

13  1/06/04   Copy of Certified Copy of Civil Action Final Judgment, Docket No.F-15574-01 Chase Manhattan Mortgage Corporation v. Henry T. Peters, et. al.

14  6/16/04   Copy of Certified Copy of Deed between Henry T. Peters and Pamela F. Peters and Frank Scott and Marilyn Scott.

15  6/16/04   Copy of HUD-1 Uniform Settlement Statement.

16  6/16/04   Copy of Certified Copy of Mortgage between Frank and Marilyn Scott and Roland David.

17  6/16/04   Copy of Mortgage between Frank and Marilyn Scott and Roland David.

18  1/12/05   Copy of Certified Copy of Deed between Frank and Marilyn Scott and Henry and Pamela Peters, Affidavit of Consideration or Exemption and Seller's Residency Certification/Exemption.

19  6/2/05        Copy of Certified Copy of Civil Action Complaint in Foreclosure, Docket No.F-848605 <u>Mortgage Electronic Registration Systems Inc. v Frank Scott and Marilyn Scott, his wife.</u>

20  7/8/05        Copy of Certified Copy of Civil Action Amendment to Complaint, Docket No.F-8486-05 <u>Mortgage Electronic Registration Systems, Inc. v. Frank Scott, Marilyn Scott, his Wife, Roland David and Society Hill at University Heights Condominium III.</u>

21 8/19/05        Copies of Certified Copies of Affidavit of Service on Henry Peters and Roland David Docket No.F-8486-05.

22 12/29/05       Copy of Letter written by Pamela Peters to Hon. Kenneth S. Levy filed on 2/3/06.

23 4/11/06        Copy of Certified Copy of Civil Action Final Judgment, Docket No. F. 8486-05 <u>Mortgage Electronic Registration Systems, Inc. v. Frank Scott, Marilyn Scott, his Wife, Roland David and Society Hill at University Heights Condominium III.</u>

24 8/24/06        Copy of Deed between Henry and Pamela Peters and Alexander Dy dated 8/24/06; Copy of Seller's Residency Certification Dated 8/24/06; and copy of Affidavit of Consideration dated 8/24/06.

25 8/25/06        Copy of Lease Between Henry and Pamela Peters and Alexander Dy.

26 8/28/06        Copy of Letter from Stern, Lavinthal, Frankenberg & Norgaard, LLC dated 8/28/06, indicating sheriff's sale Scheduled on September 5, 2006.

27 10/1/06        Copy of cancelled check dated and cancelled check indicating insufficient funds

**Plaintiff Henry and Pamela Peters Objections to Authenticity and Redaction:**

**Exhibit**                  **Date**       **Description**

1. Defendants' Exhibit 8
2. Defendants' Exhibit 9

3. Defendants' Exhibit 10
4. Defendants' Exhibit 11
5. Defendants' Exhibit 12
6. Defendants' Exhibit 13
7. Defendants' Exhibit 14
8. Defendants' Exhibit 15
9. Defendants' Exhibit 16
10. Defendants' Exhibit 17
11. Defendants' Exhibit 18
12. Defendants' Exhibit 19
13. Defendants' Exhibit 20
14. Defendants' Exhibit 21
15. Defendants' Exhibit 22
16. Defendants' Exhibit 23
17. Defendants' Exhibit 24


**9. SINGLE LIST OF LEGAL ISSUES (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)**

1.  According to the **Truth In Lending Act** this transaction is subject to the right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23). Plaintiffs are Consumers as defined by Regulation Z.

2.  In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind which:

    a.  Identified the transaction.

    b.  Clearly and conspicuously disclosed the security interest in the Plaintiff's principal dwelling.

    c.  Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

d.     Clearly and conspicuously disclosed how to exercise the right to rescind

the transaction, with a form for that purpose, designating the

address of the Defendant Creditor's place of business.

e.     Clearly and conspicuously disclosed the effects of rescission.

f.     Clearly and conspicuously disclosed the date the rescission period expired.

3.     In the course of this consumer credit transaction, Defendants required

Plaintiffs to proceed with the home mortgage "rescue" purchase prior to disclosure of the

actual financing terms and failed to deliver any "material" disclosures required by the Act

and Regulation Z, including the following:

a.     By failing to properly and accurately disclose the "amount financed,"

using that term in violation of Regulation Z § 226.18(b) and 15

U.S.C. § 1638(a)(2)(A).

b.     By failing to clearly and accurately disclose the "finance charge," using

that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and

15 U.S.C. § 1638(a)(3).

c.     By failing to clearly and accurately disclose the "annual percentage rate,"

using that term, in violation of Regulation Z § 226.18(e) and 15

U.S.C. § 1638(a)(4).

d.     By failing to properly disclose the number, amounts, and timing of

payments scheduled to repay the obligation, in violation of

Regulation Z § 226.18(g) and 15 U.S.C. § 1638(a)(6).

     e.     By failing to clearly and accurately disclose the "total of payments," using that term, in violation of Regulation Z § 226.18(h) and 15 U.S.C. § 1638(a)(5).

4.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving both the notice described in paragraph 11 and all "material" disclosures described in paragraph 12, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

5.     The Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including the Defendants, when they where asked by the Plaintiffs to rescind the transaction. In accordance with 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

6.     **The New Jersey Consumer Fraud Act:56:8-2** In the course of this "foreclosure rescue" transaction, Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2 by the use of fraud, deception, misrepresentation and false promises to the Plaintiffs.

7.   The Defendants have failed to take any action necessary to provide Mr. and Mrs. Peters with the material documentation of the "foreclosure rescue" transaction, as is required by NJ.Rev.Stas., 56:8-2.22. The practice complained of is intended to interfere and effectively interferes with and renders nugatory the right to cancel and rescind the transaction, in accordance with 15 U.S.C. § 1635.

8. **The New Jersey Consumer Fraud Act:56:8-2.2** In the course of this "foreclosure rescue" transaction, Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2.22 by promising to help the Plaintiffs "rescue" their

home so as they will be able to eventually keep their home and be able to afford the payments. They presented the offer scheme by stating that they will buy-out this mortgage and help the Plaintiffs buy the house back with the cash equity that they will obtain. They also promised to give the Plaintiffs a lower rate on their refinancing so that they will be able to afford their mortgage payments in the future.

9.      **The New Jersey Consumer Fraud Act:56:8-2.22:**  In the course of this "foreclosure rescue" transaction, Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2.22 by  failing to take any action necessary to provide Mr. and Mrs. Peters with any "material" documentation of the "foreclosure rescue" transaction, despite repeated demand from the Plaintiffs to furnish them with the documents.

10. **RESPA 12 U.S.C. § 2601 et. seq. Regulation X, C.F.R. § 3500 et seq.** This is a consumer mortgage related transaction and is subject to the Plaintiffs' right of action as pursuant to 12 U.S.C. § 2614, Section 16.

11.  In the course of this consumer credit transaction, Defendant Creditors violated 12 U.S.C. § 2605, by:

a.      Failing to deliver a disclosure to Plaintiffs related to assignment, sale or transfer of loan servicing.

b.      Failure to provide any closing documents.

c.      Failure to provide notice to Plaintiffs at least fifteen days in advance, or at any time after the transfer containing the required information about the transfer.

d.      Failure to establish an escrow account for the proceeds of the sale.

e.      Failure to respond to qualified written request from the borrower.

12.           Plaintiffs never received any documents from Defendant

Creditors, relating to the transaction of transfer of mortgage and

ownership, despite repeated requests to Defendant Creditors by

Plaintiffs to be provided with all documentation related to the

transaction of refinance.

**Legal Issues Defendant Alexander Dy:**

1.      Whether each count of the plaintiffs' Complaint fails to state a claim

upon which relief may be granted.

2.      Whether the Plaintiffs' Complaint alleges the elements of fraud with

sufficient particularity, as required by Fed. R. Civ. P. 9(b).

3.      Whether Defendant Alexander Dy was the cause, proximate or otherwise, of

any damages Plaintiffs allegedly suffered.

4.      Whether any damages suffered by the Plaintiffs is due to the acts or omissions of

persons or entities over whom Defendant Alexander Dy had no control.

5.      Whether Defendant Alexander Dy did owed a legal duty to the Plaintiffs.

6.      Whether the damages of the Plaintiffs, if any, were cause in whole or part by their

own negligence and culpability, and to that extent recovery is barred by contributory

negligence and comparative negligence.

7.     Defendant Alexander Dy asserts all defenses and affirmative defenses available to

him under Truth in Lending Act, the New Jersey Consumer Fraud Act, and Real Estate

Settlement Procedures Act.

8.     Whether Plaintiffs' action is barred by the doctrine of waiver and estoppels.

9.     Whether Plaintiffs' action is barred by the doctrine of unclean hands.

10.   Whether recovery of any alleged damages by Plaintiffs is limited by the doctrine

of mitigation of damages.

11.   Whether Plaintiffs' claims are barred by their execution of the contract of sale, the

deed and Plaintiffs' subsequent ratification of the transaction complained of.

12.   Whether Plaintiffs have standing to assert a claim against Defendant under the

Federal Truth in Lending Act and Real Estate Settlement Procedures Act.

13.   Whether to grant a judgment in favor of Defendant Alexander Dy for contribution

and/or indemnification.  Cross-claim for Indemnification for Contribution:  While

denying any responsibility for liability to Plaintiffs, Defendant Alexander Dy asserts this

cross-claim against each of the other defendants, jointly and severally, for contribution

and/or indemnification pursuant to his rights under the common law, by contract and/or

statute, including but not limited to the New Jersey Joint Tortfeasor Contribution Law,

N.J.S.A. 2A:53(a)-1 et seq., and the New Jersey Comparative Negligence Law, N.J.S.A.

2A:15—5.1 et. seq., for any sum which may be recovered by Plaintiffs against defendant

Alexander Dy, and any liability of defendant Alexander Dy to Plaintiffs is merely

vicarious, passive and/or secondary.

14.  Whether Defendant Alexander Dy is a "creditor" under the Federal Truth in

Lending Act.

15.  Whether Plaintiffs stated a claim under the Federal Truth in Lending Act against

Alexander Dy.

16.  Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8.2.

17.  Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8.2.2.

18.  Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8-2.22.

19.  Whether N.J.S.A. 56:8-2.2 and N.J.S.A. 56:8-2.22 is applicable in this case as it

only applies to merchandise.

20.  Whether Plaintiffs stated a claim under the Federal Real Estate Settlement

Procedures Act Against Alexander Dy?

21.  Whether the defendant Roland David should be liable to Alexander Dy for fraud,

false pretenses and misrepresentation.

22.  Whether the defendant Roland David should be liable to Alexander Dy for fraud

negligent misrepresentation: tort of deceit.

23.  Whether the plaintiffs should be liable to Alexander Dy for fraud, false pretenses

and misrepresentation.

24.  Whether the plaintiffs should be liable to Alexander Dy under respondent

superior-negligence.

25.  Whether the plaintiffs should be liable to Alexander Dy for frivolous suit and

abuse of litigation.

26.  Whether Alexander Dy should be awarded actual damages, compensatory,

consequential, incidental, punitive damages, attorneys' fees, and costs.

**Legal Issues Defendant Roland David:**

Defendant Roland David deny that he violated any law and that the Laws stated therein

no HUD, RESPAS, TILA, New Jersey Consumer Fraud Act, were no violated by him or

any of the defendants or that they are applicable to him or any of the defendant.

**10. Conclusion**

A.  Resolution of motion to consolidate 07-2210 and 09-3774

Resolution of Defendant Alexander Dy's motion to dismiss

Request of Defendant Alexander Dy to make a motion for summary

judgment on all claims, cross-claims, and counterclaims.

B.

    1.    Mr. Shmuel Klein representing Mr. and Mrs. Peters

    2.    Tomas Espinosa representing Roland David National

Commercial Business Credit,

    3.    Yovendra Mangal and Tamara Ann L. Del Carmen

representing Alexander Dy,

    4.    Rick A. Steinberg representing Goldstar Mortgage

C. TDB

D. NA

E. NA

F. 5 days for liability

   2 days for damages

G .TDB