Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahwah, New Jersey 07430
201-529-3411
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------X
HENRY PETERS, PAMELA PETERS
PLAINTIFFS                                                      Case No. 07-2210
-AGAINST-                                                       FINAL PRE-TRIAL ORDER
ROLAND DAVID, NATIONAL COMMERCIAL
BUSINESS CREDIT,
R. DAVID & ASSOCIATES, PA, LLC
ALEXANDER DY, PNC BANK, TRIAL BY JURY
FGC COMMERCIAL MORTGAGE FINANCE,
JOURNEYMAN TITLE AGENCY, INC.,
JOHN DOE 1-10, XYZ, INC 1-10: ten names
being fictitious and unknown to the plaintiffs,
the person or parties intended being the persons
or parties, if any,
DEFENDANTS.
----------------------------------------------X

## 1   JURISDICTION (set forth specifically)

This Court has subject matter jurisdiction over all causes of action stated in this complaint pursuant to 15

U.S.C. §1640 and supplemental jurisdiction pursuant 28 U.S.C. §1367 over Counts II, III, IV, and V. Venue

in this district is proper because all parties are located here and the transactions complained of took place here.

**2. PENDING CONTEMPLATED MOTIONS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion. If the court indicated that it would rule on any matter at pretrial, summarize that matter. Each party's contemplated in limine motions should also be set forth.)**

1.  Plaintiff's motion for Consolidation of this case and 09-3774.

Defendant Alexander Dy objects as plaintiffs' motion to consolidate is moot as the Bankruptcy Adversary

Proceeding Case No. 07-02219 was not properly and timely transferred to District Court. Defendant

Alexander Dy's position is that the adversary proceeding was dismissed prior to removal to District Court. In addition, Defendant Dy maintains that Case No. 09-3774 should be dismissed based upon the Order of the Bankruptcy Court dated January 8, 2009. Defendant David joined in the opposition to this motion of Defendant Dy for the same reason. The bankruptcy proceeding was not

properly and timely joined and was dismissed.

Defendant David joins in the opposition to this motion of Defendant Dy for the same reasons.  The bankruptcy proceeding was not properly and timely joined and was dismissed.

Concerning consolidation, Plaintiff alleges that it is critical that cases 07- 2219 and 09-3774 be consolidated. The allegations in the complaints are nearly identical. The parties are also nearly identical with the addition of Goldstar Mortgage and Title Company. The case was removed as soon as the clerk removed it; there was case to remove therefore the case was not dismissed. The application is pending presently before the Honorable Judge Hayden.

2. Pending Motion to Dismiss Plaintiffs' Complaint in Case No. 09-3774 by Defendant Alexander Dy.

Defendant David joins in the dismissal motion of Dy since the dismissal to Dy makes the case against defendant David moot.

Plaintiff objects to said motion(s) on the basis of estoppel, waiver and laches.


3. Defendant Alexander Dy contemplating Motion for Summary Judgment on all claims, cross-claims, and counterclaims.

Plaintiff objects to said motion on the basis of estoppel, waiver and laches.


4. Defendant Roland David is contemplating a motion for summary judgment on all claims against him.

Plaintiff objects to said motion on the basis of estoppel, waiver and laches.

5. Motion to compel discovery of Plaintiff by Goldstar Mortgage is in case 09- 3774.

Plaintiff will agree to comply with all discovery request.

Defendant David objects to this motion.  Discovery is over.

6. Plaintiff will file motions in limine to exclude all witnesses and exhibits and new legal theories of defendants

not contained in their answers and other responsive documents not produced during discovery.

7.  David will file motion in limine precluding any expert report not produced during discovery, and any expert

testimony not advanced during discovery.  David will also file a motion in limine to preclude any testimony of

any witness or party that is not part of this action but was a party to the dismissed bankruptcy.

8.  Defendant Dy will file motions in limine to exclude exhibits and testimony of expert witnesses.

Defendant Dy will file a motion in limine to preclude any testimony of any witness or party that is not part of

this action, or in the dismissed bankruptcy.

9.  Defendant David contemplates a motion to dismiss on jurisdictional basis as part of his motion for summary

judgment.

## 3. STIPULATION OF FACTS (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions to which the parties agree.)

Parties cannot agree on any stipulated facts.

## 4. CONTESTED OF FACTS (Proofs shall be limited at trail to the contested facts set forth. Failure to set any contested facts shall be deemed a waiver thereof.)

### A. Plaintiff:

In 1997 the Plaintiffs purchased their home located on 10 Ashby Lane, Unit G Bldg. 15,

Newark, New Jersey for $145,000.00 and gave a mortgage to Chase Manhattan Bank securing that amount

through a Veterans Administration loan.  In 2004, Mr. Peter fell ill, and wasn't able to work and therefore

couldn't afford his mortgage payments. The property went into foreclosure and the Plaintiffs filed a Chapter 13

bankruptcy petition. The case was dismissed. June 2004. The property was then sold to Frank and Marilyn

Scott, who are Mrs. Peters parents, for $204,000.00. It was financed thru Greenpoint for $183,000.00, and it

paid off the Peters mortgage loan to Chase. The Plaintiffs resided in their home. Mr. Scott passed away on

December 7, 2005 and Mrs. Scott had a stroke in February the following year, which required the Plaintiffs to

assist financially.   In March of 2006, the Plaintiffs were unable to pay the mortgage, as the insurance went up

to $2,200 a month.   When attempting to make a payment in April, Greenpoint refused to accept the payment.

The property then went foreclosure in June of 2006.

At that time, the Peters received a brochure in the mail promising them to be rescued from foreclosure.

A meeting was set with Defendant Roland David, director of National Commercial and Business Credit, Inc.

The Defendant David, proposed a mortgage "rescue" plan to purchase the Peters home, and give them cash

from the available equity.   The Plaintiffs would be allowed to lease back their home, and payments were to be

less than what their mortgage was.   Defendant Dy convinced the Peters that his plan would actually help them

by, saving money and allow them to keep their home. During this meeting there was not any mention of any

details about the price, interest, monthly payments, duration of payments or any other disclosures.  From the

mortgage proceeds, the Peters paid almost $12,000 dollars, for the "refinancing" when the home was sold to

Defendant Dy.  The Defendant David represented to the Peters that he would file their previous tax returns. He

charged the Peters $500 for each year's State and Federal returns. Mr. Peters paid $1,500 for the three years

worth of tax returns. The defendant returned the copies of their returns; however, he failed to file them with the

IRS.   Plaintiff ended up filling the returns and received a refund of $6000.00.  Defendant Dy told the Plaintiffs

to pay the full $6000 to him for various costs in association with the mortgage transaction. Plaintiffs paid the

$6000 to the Defendant Dy.

The plaintiffs where told that the closing would be held on August 30, 2006 at Ronald's office in

Sparta, New Jersey, where they signed some papers.  They were told they would not need any attorney.  No

one explained to them what they were signing.    The papers included a deed to Alexander Dy. They where

told their financing was completed and told to leave. The Plaintiffs repeatedly asked for copies of the

documents, never received them after being told it would be mailed to them. The Peters started paying

$3005.37 each month, after which the Defendants failed to provide any documents, and calls were not

returned. The Peters stop paying and Alexander Dy.  Defendant Dy threatened to evict them, when the Peters

demand there home back.  Defendant David had originally promised to sell the home back for $279,000.00,

and the Peters refused to pay the inflated price. The Plaintiffs received eviction papers from Defendant Dy.

The Plaintiff never received any of the money from the sale of there house despite the fact that it was sold for

$310,000.00, and they were tricked into signing a release of the proceeds from the sale of their property to

Alexander Dy.


## B. Defendant's Alexander Dy Contested Facts:

1.      Plaintiffs were unable to make mortgage payments on the property in early 2000.

2.      Chase Manhattan Mortgage Corporation filed a foreclosure action against the plaintiffs for failure to

make mortgage payments on August 17, 2001 in the Superior Court of New Jersey, Chancery Division, Essex

County, Docket No: F-15574-01.

3.      Plaintiffs failed to make payments to the Association, Society Hill at University Heights III

Condominium Association, Inc. A foreclosure action was filed against the plaintiffs on January 28, 2002 in the

Superior Court of New Jersey, Chancery Division, Essex County, Docket No., F-2173-02.

4.      Plaintiffs filed for Chapter 13 Bankruptcy in New Jersey District Bankruptcy Court on March 8, 2002,

in order to prevent a foreclosure sale of the Property.

5.      As a result of the plaintiffs' failure to make chapter 13 bankruptcy plan payments, their bankruptcy was

dismissed.

6.      After the dismissal of their Chapter 13 Bankruptcy, plaintiffs sought the advice from a person named

Robert who was an employee at a Company that was owned and operated by defendant Roland David.

7.      Robert was an employee at Home Mortgage Company of America.

8.      Roland David owned and worked at Home Mortgage Company of America.

9.      Based upon the advice from defendant Roland David's employee, plaintiffs sold the property to

Pamela Peters' parents Frank and Marilyn Scott in 2004 to avoid a foreclosure sale.

10.      Defendant Roland David's company, Home Mortgage Company of America arranged the financing to

Frank and Marilyn Scott to purchase the property.

11.      A closing occurred on June 16, 2004, at defendant Roland David's office. Present at the closing were

the Plaintiffs, the Scotts, Defendant Roland David and his employees.

12.      Frank and Marilyn Scott obtained a mortgage from Greenpoint Mortgage Funding, Inc. In addition,

the Scotts' obtained a second mortgage from Defendant Roland David in the amount of Five Thousand Four

Hundred Twenty One Dollars and Forty-Two Cents ($5,421.42).

13.      After the closing, the plaintiffs continued to reside in the property and made payments for the mortgage

directly to Greenpoint Mortgage Funding, Inc.

14. Again, plaintiffs were unable to pay the mortgage and Association fees about one year after the closing in

2004.

15.      Defendant Roland David, his employees and the plaintiffs arranged to transfer the property back to the

Plaintiffs from the Scotts.

16.      On January 12, 2005, Frank and Marilyn Scott transferred the property back to

the plaintiffs.

17.      As a result of the plaintiffs' failure to pay the mortgage, a foreclosure lawsuit was initiated by Mortgage

Electronic Registration Systems, Inc. against Frank and Marilyn Scott in June 2, 2005, in Superior Court of

New Jersey, Essex County, Chancery Division, Docket No. F-8486-05.

18.     The Foreclosure Complaint was amended to include defendant Roland David and Society Hill at

University Heights Condominium III.

19.     A copy of the summons and complaint was served personally upon plaintiff Henry Peters on June 9,

2005. Defendant Roland David was personally served with the summons, complaint, and amendment to

complaint on July 13, 2005.

20.      In order to stop the foreclosure on the property and obtain more time, plaintiffs filed a letter addressed

to Judge Kenneth S. Levy, Chancery Division, Superior Court of New Jersey filed on February 3, 2006.

21.     Defendant Roland David and the plaintiffs agreed on a plan where they would sell the property, rent the

property and remain as tenants. Plaintiffs agreed to the plan. An appraisal was done on the property.

22.     The plaintiffs and defendant Alexander Dy arrived at defendant Roland David's office on August 24,

2006, for a closing.

23.     Plaintiffs executed a deed to Alexander Dy dated August 24, 2006.

24.     Plaintiffs and defendant Alexander Dy signed a one year lease for the period of August 25, 2006 until

August 25, 2007.

25.     In October of 2006, Plaintiffs became delinquent on their monthly rent payments as their rent check

bounced.

26.     Defendant Alexander Dy received rent from the Plaintiffs in the amount of Four Thousand Three

Hundred and Fifty Five Dollars ($4,355.00) for the period of August 25, 2006 until December 31, 2006.

27. Defendant Alexander Dy received rent from the Plaintiffs in the amount of Four Thousand and Fifty Dollars

($4,050.00) for the period of January 1, 2007 until December 31, 2007.

28.     At all times herein mentioned, defendant Roland David was the acting agent, representative and/or

employee of the plaintiffs.

29.     Plaintiffs have a long history of non-payment and have been default on previous mortgages.

30.     Defendant Roland David worked with the plaintiffs on a previous sale and leaseback transaction with plaintiff Pamela Peter's parents, Frank & Marilyn Scott.

31.     Defendant Roland David and the plaintiffs have a working relationship since 2004.

32.     The plaintiffs retained defendant Roland David as their acting agent representative and/or employee on several transactions.

33.     The foreclosure of the property would cause a loss to defendant Roland David and the plaintiffs. As a result, the plaintiffs and defendant Roland David developed a plan to rescue the property from foreclosure by selling the property similar to the previous transaction with Frank and Marilyn Scott.

34.     Defendant Roland David acting as an agent, representative, and/or employee on behalf of the plaintiffs contacted Defendant Alexander Dy to meet with him and the plaintiffs.

35.     Alexander Dy was a first time home buyer and never purchased any real property prior to the transaction on August 24, 2006.

36.     On or about August 2006, Defendant Roland David and the plaintiffs first met with defendant Alexander Dy and informed him that he would be helping the plaintiffs by purchasing the property and becoming a first time home owner.

37.     During this meeting on or about August 2006, the plaintiffs and defendant Roland David fraudulently misrepresented to defendant Alexander Dy and informed him that he would be helping the out the plaintiffs. In addition, the plaintiffs and defendant Roland David represented to Alexander Dy that they previously worked together to persuade and convince him that this was a valid transaction.

38.     The plaintiffs and defendant Roland David had knowledge of the falsity of these statements and misrepresentations as the parties previously worked together.

39.     Defendant Alexander Dy was unaware of the falsity and misrepresentations of these statements made

by the plaintiffs and defendant Roland David.

40.     Convinced by Defendant Roland David and the plaintiffs, defendant Alexander Dy reasonably relied on

the fraudulent misrepresentations and agreed to assist them to his detriment.

41.     A closing occurred on August 24, 2006. Upon the advice of defendant Roland David acting as an

agent of the plaintiffs, defendant Alexander Dy was told that he did not need an attorney to represent him.

Defendant Alexander Dy signed various documents.

42.     Defendant Alexander Dy entered into a one year lease with the Plaintiffs.

43.     The plaintiffs continued to live rent free in the house for approximately eight months. They promptly

defaulted on the rent by bouncing checks on or about October 2006. The plaintiffs constantly informed

defendant Alexander Dy that they needed more time to pay the rent. Defendant Alexander Dy allowed them to

pay late or partial payments since October 2006. Defendant Alexander Dy continued to extend courtesy to the

plaintiffs. Defendant Alexander Dy paid the monthly mortgage on the property

despite receiving no rent from the plaintiffs. After being in arrears for approximately eight months and paying

the monthly mortgage payments, Defendant Alexander Dy was forced to bring eviction proceedings.

44.     Defendant Alexander Dy was granted judgment of possession in Superior Court on September 12,

2007. Plaintiffs immediately filed for Chapter 13 Bankruptcy to stall eviction proceedings. Plaintiffs never

included the lease or judgment of possession in their latest Chapter 13 Bankruptcy.

45.     The plaintiffs continued to live rent free in the property until the bankruptcy court ordered adequate

protection payments for use and occupancy to defendant Alexander Dy. The Plaintiffs consistently failed to

make timely and monthly adequate protection payments set by the Court, moved out of the property and

ultimately their Chapter 13 Bankruptcy case was dismissed. Plaintiffs failed to pay use and occupancy for the

months of July, August, September and October.

46.     Defendant Alexander Dy has been forced to over extend himself by having to defend against the

baseless and frivolous lawsuits filed by the plaintiffs in Bankruptcy Court, this Court, and to pay the mortgage

payments, taxes, insurance and association fees on the property to his detriment.

47.     Dy did not violate any state or federal laws, whether statutory or common law.


**C. Defendant's Ronald David Contested Facts:**

The defendant Roland David did not proposed any rescue offer to purchase the home nor to give

anyone cash from the available equity, nor to lease back Scott home and payments nor to tender any payment.

Defendant David made no promises of any kind, nor got involved in the details of any transaction. He only

indicated to the family of defendant Dy that the property was available because they were seeking for a

property for their son Dy to purchase or for them to purchase on his behalf. Defendant Roland David agreed

to prepare tax returns for the Peters but only to prepare them, he was paid a fee portion by Peters. He never

agreed to file the returns. The Peters were to file them. The Peters received the return to be filed by them from

defendant Roland David. Defendant Roland David had not had any further involvement after the sellers of the

home and Dy got together for the purchase of the home. It is not true that the Peters did not know Roland

David since he dealt with them when they sold the house to Scott's years before.

He never made any proposal and plan to the Peters. David however, in their prior transaction when the

Scott purchased the house from the Peters lent $ 5,421.42 to the Scott that they could close and secured his

loan with a note and mortgage. Defendant David did not know of any transaction by which the Scott sold the

home to the Peters. Defendant Roland David did not know of any bankruptcy of the Peters, he offered his

office for the closing of the Dy's as a convenience to the Dy's and he received from the transaction the amount

of the note he had lent to the Scotts. Mr. David is not a Real Estate Broker and he was not one at the time of

the transaction.     He never met with the Peters or with the Scott after the transaction with the Dy's.

Defendant Roland David never promised to sell back the property after the August 30, 2006 closing of the

home.

To the knowledge of Mr. David there was a valid sale to Dy and the details of the accords between Dy and the other parties to the transaction he does not know.

In essence Roland David participated in helping the Scott to purchase the house of the Peters and lent the Scott the sum stated above to close, taking a note and mortgage securing the note.

When, the house was in foreclosure he indicated to the Dy's that the house was available and the Dy's made their agreement with the sellers.  The closing happened at his office, and he was paid sums owed to him under the loan to the Scott, from the proceeds. David was not present at the closing.  He was not involved nor knew of the details of the agreement between the seller and the Dy's. Mr. David had not participation in the loan. He agreed to prepare the Peter Income Tax Returns, and he did so, but the Peters were to file them, he delivered the prepared forms to the Peters.

The closing was not done by Mr. David's office but by a Title Closing Agent of the Title  Company.

David contests that any unidentified (Robert) person had any authority to bind Roland David. David contests and denies that he ever proposed any mortgage rescue to anyone, nor lease back or any such thing as giving anyone cash back or that he held any meetings with the Plaintiffs or anyone about keeping the house of the Peters, price, interest, monthly payments, duration of payments, and any alleged disclosures.

David denies receiving any payments of $12,000.00 for refinancing from the Peters but yes, he agreed to prepare income tax returns for the Peters and he did this but without assuming the responsibility of filing them. This responsibility was the Peters.  David gave them the prepared returns to be filed.  He believes they paid a portion of his fees, but he does not recall how much.  He did not receive any $6,000.00 from the Peters nor any of the various costs in association with the transaction of the Peters to Dy.  There could be no receipt for what never occurred.

The transaction between Dy and Peters was not performed by anyone belonging to his office and he

learned afterward that it was done by a title closing agent.  David was paid out of the transaction by the title

closing agent the amount of his outstanding second mortgage.

David never offered to sell the home back to the Peters for $279,000.00.  He could not offer to sell

what was not his.  In addition, after the date of the closing, he never met with the Peters.

David denies that he was at anytime the agent or representative of the Peters or Dy in any of the

transactions whether it be with the Scotts or with Dy.

David never stated to anyone, that he would be purchasing any property or would become a first time

homeowner and he also never told Dy that Dy would do any of these on behalf of the Plaintiffs.

David never made any representation to anyone on August 2006 or at any other date whether Plaintiffs, Dy or

any other person. David never agreed to assist anyone in the transaction between the Dys and the Peters.

David did not advise anyone on August 24, 2006 the alleged date of the transaction. David states he is an

employee of R. David Associates, but he does not own any interest in the business.  David does not have an

office in Sparta, NJ at the present time.


**5. Fact Witnesses: (Aside from those called for impeachment purpose, only the fact witnesses set forth by name address may testify at trail. No summary of testimony is necessary.)**

**A. Plaintiff:**

1.     Plaintiffs Henry and Pamela Peters
       c/o Shmuel Klein, P.C.
       113 Cedarhill Ave.
       Mahwah, NJ 07430

2.     Roland David
       Empire State Building
       30 Rockefeller Plaza
       New York, NY, 10112

3.     Alexander Dy
       93 Main Street
       Ridgefield Park, New Jersey 07660

4.      Joanne Raggie
        PO Box 556
        Franklin, NJ 07416

5.       Carol Zagoric
        3 Kimberly Lane
        Glenwood, NJ 07418

**B. Defendant Alexander Dy:**

1.      Plaintiffs Henry and Pamela Peters
        c/o Shmuel Klein, P.C.
        113 Cedarhill Ave.
        Mahwah, NJ 07430

2.      Roland David
        c/o Tomas Espinosa, Esq.
        4005 Bergenline Ave., 2nd Fl.
        Union City, NJ 07087

3.       Carol Zagoric
        3 Kimberly Lane
        Glenwood, NJ 07416

4.      Joanne Raggi
        PO Box 556
        Franklin, NJ 07416

5.      Lynn Lazaro
        18 White Lake Road
        Sparta, NJ 07871

6.      Ari Milton Brafman, president
        Journeyman Title Agency, Inc.
        1031 Minisink Way
        Westfield, NJ 07090

7.      Alexander Dy
        c/o Yovendra Mangal and Tamara Ann L. Del Carmen
        87-87 Francis Lewis Blvd 2d Floor
        Queens Village, NY 11427

**C. Defendant Ronald David:**

1.      Roland David
        1719 Route 10,
        Parsippany, NJ 07054

**6. Expert Witnesses: ( No expert shall be permitted to testify at trial unless identified below by name and address and unless the expert's curriculum vitae and report are attached hereto. An expert's qualifications may not be questioned unless the basis therefore is set forth herein.)**

Linda E. Fisher
833 McCarter Highway
Newark, NJ 07102

Defendant Alexander Dy objects to any testimony of the plaintiffs' expert witness as the plaintiffs failed to comply with the Court's Pretrial Scheduling Order. Plaintiffs failed to deliver any expert reports by the deadline of August 14, 2009.

**7. Deposition**
Plaintiff: NA

Defendant Ronald David: Complete depositions of Roland David Page 1 thru 131 dated 8/18/2009.

**8. Exhibits (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibits list attached hereto may be introduced at trial. Objections to authenticity are deemed waived unless such objections are set forth).**

| Exhibit No. | Date | Description |
|---|---|---|
| 1. | 6/21/06 | Contract of Sale of Real Estate between Henry Peters And Alexander Dy |
| 2. | 8/24/06 | Uniform Residential Loan Application |
| 3. | 8/24/06 | Mortgage by FGC Commercial Mortgage Finance Signed by Alexander Dy |
| 4. | 8/24/06 | Adjustable Rate Note signed by Alexander Dy |
| 5. | 8/24/06 | Balloon Payment Rider to Note signed by Alexander Dy |
| 6. | 8/24/06 | Condominium Rider signed by Alexander Dy |

| | | |
|---|---|---|
| 7. | 8/24/06 | Adjustable Rate and Balloon Payment Rider of Signed by Alexander Dy |
| 8. | 8/24/06 | Truth in Lending Disclosure Statement signed By Alexander Dy |
| 9. | 8/24/06 | Itemization of Amount Financed signed by AlexanderDy |
| 10. | 8/24/06 | Estimated Payment Letter signed by Alexander Dy |
| 11. | 8/24/06 | Escrow/Impound Account Agreement signed by Alexander Dy |
| 12. | 8/24/06 | Borrower's Certification and Authorization by Alexander Dy |
| 13. | 8/24/06 | Signature/Name Affidavit signed by Alexander Dy |
| 14. | 8/24/06 | Disclosure Statement signed by Alexander Dy |
| 15. | 8/24/06 | Adjustable Rate Mortgage Loan Program signed by Alexander Dy |
| 16. | 8/24/06 | NJ Application Disclosure signed by Alexander Dy |
| 17. | 8/24/06 | Occupancy Affidavit and Financial Status Signed by Alexander Dy |
| 18. | 8/25/06 | Lease between Henry Peters and Alexander Dy |
| 19. | 8/29/06 | Checks issued by Journeyman Title Agency |
| 20. | 8/25/06 | Calculation of Expenses |
| 21. | 8/25/06 | Revised Calculation of Expenses |
| 22. | 8/25/06 | Documents from Journeyman Title Agency showing Payment |
| 23. | 11/5/07 | Uniform Residential Loan Application signed by Alexander Dy |
| 24. | 11/5/07 | Mortgage by US Bank National Association signed by Alexander Dy |
| 25. | 11/5/07 | Occupancy and Use Statement signed by Alexander Dy |
| 26. | 11/5/07 | Adjustable Rate Note signed by Alexander Dy |
| 27. | 8/10/07 | Landlord Identity Statement by Alexander Dy |
| 28. | 11/5/07 | Settlement Statement signed by Alexander Dy |
| 29. | 11/5/07 | Indemnity and Affidavit as to Debts and Liens and Possessions signed |

by

Alexander Dy

| | | |
|---|---|---|
| 30. | 11/5/07 | Marital Affidavit signed by Alexander Dy |
| 31. | 11/5/07 | Affidavit of Title signed by Alexander Dy |
| 32. | 11/5/07 | Settlement Statement signed by Alexander Dy |
| 33. | 10/29/07 | Payoff Statement by Fremont Investment Loan |
| 34. | 8/24/06 | Discharge of Assessment Lien and Mortgage |
| 35. | | Funding Schedule of loan of Alexander Dy |
| 36. | 11/5/07 | Addendum to HUD-1 Settlement Statement signed by Alexander Dy |
| 37. | 11/5/07 | Federal Truth-In-Lending Disclosure Statement signed by Alexander Dy |
| 38. | | First Payment Letter from US Bank National Association |
| 39. | 11/5/07 | Good Faith Estimate signed by Alexander Dy |
| 40. | 11/5/07 | Itemization of Amount Financed of applicant Alexander Dy |
| 41. | 11/5/07 | Truth-In-Lending Disclosure Statement signed by Alexander Dy |
| 42. | 8/24/06 | Deed Henry and Pamela Peters and Alexander Dy |
| 43. | 8/18/09 | Complete depositions of Roland David Page 1 thru 131 |

**Defendant Alexander Dy's Objections to Authenticity and Redaction:**

1. Plaintiffs Exhibits 19-41

**Defendant Alexander Dy's Trial Exhibits**

| Exhibit No. | Date | Description |
|---|---|---|
| 1. | 8/17/01 | Copy of Certified Copy of Civil Action Foreclosure Complaint, Docket No.F-15574-01Chase Manhattan Mortgage Corporation v. Henry T. Peters and Pamela F. Peters, His wife, Jefferson Bastidas. |
| 2. | 1/07/02 | Copy of Certified Copy of Civil Action Amendment to Complaint, Docket No.F-15574-01 Chase Manhattan Mortgage Corporation v. Henry T. Peters and Pamela F. Peters, His wife, Jefferson  Bastidas. |

3.      12/31/01     Copy of Notice of Lis Pendens filed on 12/31/01 by Chase Manhattan
                     Mortgage.

4.      1/08/02      Copy of Amended Notice of Lis Pendens Recorded on 1/08/02 by Chase
                     Manhattan Mortgage.

5.      1/28/02      Copy of Certified Copy of Civil Action Foreclosure Complaint, Docket
                     No.F-2173-02 Society Hill at University Heights III Condominium
                     Association, Inc. v. HenryT. Peters and Pamela F. Peters, his wife.

6.      3/14/02      Copy of Notice of Lis Pendens on 3/14/02 By Society Hill at University
                     Heights III Condominium Association, Inc., Docket No. F-2173-02.

7.      10/07/09     Copy of minutes of Bankruptcy Petition In re: Henry Terence Peters and
                     Pamela Francine Peters, Chapter 13 Bankruptcy, Case No.02-32669-RG,
                     U.S. Bankruptcy Court, District of New Jersey (Newark), obtained from
                     PACER.

8.      1/06/03      Copy of Doc. 13 Notice of Motion for Relief Stay filed by Chase
                     Manhattan Mortgage, for failure of Debtor Henry and Pamela Peters to
                     make monthly mortgage payments obtained from PACER.

9.      8/11/03      Copy of Doc. 20 Certification of Scott Non-payment filed by Chase
                     Manhattan Mortgage obtained from PACER.

10.     8/22/03      Copy of Doc. 21 Order of Hon. Rosemary Gambardella, automatic stay is
                     vacated, Chase permitted to proceed with foreclosure Action obtained
                     from PACER.

11.     10/28/03     Copies of Doc. 23, Notice of Trustee's Motion to Dismiss or Direct
                     Employer to Pay Trustee or for an Entry of an Order For Default Clause
                     and Certification Obtained from PACER.

12.     12/30/03     Copy of Order of Hon. Rosemary Gambardella, dismissing Henry and
                     Pamela Peters' Chapter 13 Bankruptcy Petition Filed on 12/30/03,
                     obtained from PACER.

13.     1/06/04      Copy of Certified Copy of Civil Action Final Judgment, Docket No.F-
                     15574-01 Chase Manhattan Mortgage Corporation v. Henry T. Peters, et.
                     al.

14.     6/16/04      Copy of Certified Copy of Deed between Henry T. Peters and Pamela F.
                     Peters and Frank Scott and Marilyn Scott.

15.     6/16/04      Copy of HUD-1 Uniform Settlement Statement.

16.     6/16/04      Copy of Certified Copy of Mortgage between Frank and Marilyn Scott
                     and Roland David.

17.           6/16/04       Copy of Mortgage between Frank and Marilyn Scott and Greenpont
                            Funding Inc.

18.     1/12/05      Copy of Certified Copy of Deed between Frank and Marilyn Scott and
                     Henry and Pamela Peters, Affidavit of Consideration or Exemption and
                     Seller's Residency Certification/Exemption.

19.     6/2/05       Copy of Certified Copy of Civil Action Complaint in Foreclosure, Docket
                     No.F-848605 Mortgage Electronic Registration Systems Inc. v Frank
                     Scott and Marilyn Scott, his wife.

20.     7/8/05       Copy of Certified Copy of Civil Action Amendment to Complaint, Docket

<table>
<tr><td></td><td></td><td>No.F-8486-05 Mortgage Electronic Registration Systems, Inc. v. Frank Scott, Marilyn Scott, his Wife, Roland David and Society Hill at University Heights Condominium III.</td></tr>
<tr><td>21.</td><td>8/19/05</td><td>Copies of Certified Copies of Affidavit of Service on Henry Peters and Roland David Docket No.F-8486-05.</td></tr>
<tr><td>22.</td><td>12/29/05</td><td>Copy of Letter written by Pamela Peters to Hon. Kenneth S. Levy filed on 2/3/06.</td></tr>
<tr><td>23.</td><td>4/11/06</td><td>Copy of Certified Copy of Civil Action Final Judgment, Docket No. F. 8486-05 Mortgage Electronic Registration Systems, Inc. v. Frank Scott, Marilyn Scott, his Wife, Roland David and Society Hill at University Heights Condominium III.</td></tr>
<tr><td>24.</td><td>8/24/06</td><td>Copy of Deed between Henry and Pamela Peters and Alexander Dy dated 8/24/06; Copy of Seller's Residency Certification Dated 8/24/06; and copy of Affidavit of Consideration dated 8/24/06.</td></tr>
<tr><td>25.</td><td>8/25/06</td><td>Copy of Lease Between Henry and Pamela Peters and Alexander Dy.</td></tr>
<tr><td>26.</td><td>8/28/06</td><td>Copy of Letter from Stern, Lavinthal, Frankenberg & Norgaard, LLC dated 8/28/06, indicating sheriff's sale Scheduled on September 5, 2006.</td></tr>
<tr><td>27.</td><td>10/1/06 insufficient</td><td>Copy of cancelled check dated and cancelled check indicating funds.</td></tr>
</table>

**Plaintiff Henry and Pamela Peters Objections to Authenticity and Redaction:**

**Exhibit No.    Date        Description**_____

1. Defendant Dy Exhibit 8-24

**9. SINGLE LIST OF LEGAL ISSUES (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)**

1. According to the **Truth In Lending Act** this transaction is subject to the right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. §226.23). Plaintiffs are Consumers as defined by Regulation Z.

2. In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind which:

    a. Identified the transaction.

    b. Clearly and conspicuously disclosed the security interest in the Plaintiff's

principal dwelling.

c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the

transaction.

d. Clearly and conspicuously disclosed how to exercise the right to rescind

the transaction, with a form for that purpose, designating the

address of the Defendant Creditor's place of business.

e. Clearly and conspicuously disclosed the effects of rescission.

f. Clearly and conspicuously disclosed the date the rescission period expired.

3. In the course of this consumer credit transaction, Defendants required Plaintiffs to proceed with the home

mortgage "rescue" purchase prior to disclosure of the actual financing terms and failed to deliver any "material"

disclosures required by the Act and Regulation Z, including the following:

a. By failing to properly and accurately disclose the "amount financed,"

using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

b. By failing to clearly and accurately disclose the "finance charge," using that term, in violation of

Regulation Z §§ 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).

c. By failing to clearly and accurately disclose the "annual percentage rate,"

using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

d. By failing to properly disclose the number, amounts, and timing of

payments scheduled to repay the obligation, in violation of Regulation Z § 226.18(g) and 15 U.S.C. §

1638(a)(6).

e. By failing to clearly and accurately disclose the "total of payments," using that term, in violation of

Regulation Z § 226.18(h) and 15 U.S.C. §1638(a)(5).

4. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving both

the notice described in paragraph 11 and all "material" disclosures described in paragraph 12, pursuant to 15

U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

5. The Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone,

including the Defendants, when they where asked by the Plaintiffs to rescind the transaction. In accordance

with 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

6. **The New Jersey Consumer Fraud Act:56:8-2** In the course of this "foreclosure rescue" transaction,

Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2 by the use of fraud,

deception, misrepresentation and false promises to the Plaintiffs.

7. The Defendants have failed to take any action necessary to provide Mr. and Mrs. Peters with the material

documentation of the "foreclosure rescue" transaction, as is required by NJ.Rev.Stas., 56:8-2.22. The practice

complained of is intended to interfere and effectively interferes with and renders nugatory the right to cancel

and rescind the transaction, in accordance with 15 U.S.C. § 1635.

8. **The New Jersey Consumer Fraud Act: 56:8-2.2** In the course of this "foreclosure rescue" transaction,

Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2.22 by promising to

help the Plaintiffs "rescue" their home so as they will be able to eventually keep their home and be able to

afford the payments. They presented the offer scheme by stating that they will buy-out this mortgage and help

the Plaintiffs buy the house back with the cash equity that they will

obtain. They also promised to give the Plaintiffs a lower rate on their refinancing so that they will be able to

afford their mortgage payments in the future.

9. **The New Jersey Consumer Fraud Act:56:8-2.22:** In the course of this "foreclosure rescue" transaction,

Defendants violated the New Jersey Consumer Fraud Act ("CFA"), NJ.Rev.Stats., 56:8-2.22 by failing to take

any action necessary to provide Mr. and Mrs. Peters with any "material" documentation of the "foreclosure

rescue" transaction, despite repeated demand from the Plaintiffs to furnish them with the documents.

10. **RESPA 12 U.S.C. § 2601 et. seq. Regulation X, C.F.R. § 3500 et seq.** This is a consumer mortgage related transaction and is subject to the Plaintiffs' right of action as pursuant to 12 U.S.C. § 2614, Section 16.

11. In the course of this consumer credit transaction, Defendants violated 12 U.S.C. § 2605, by:

    a. Failing to deliver a disclosure to Plaintiffs related to assignment, sale or transfer of loan servicing.

    b. Failure to provide any closing documents.

    c. Failure to provide notice to Plaintiffs at least fifteen days in advance, or at any time after the transfer containing the required information about the transfer.

    d. Failure to establish an escrow account for the proceeds of the sale.

    e. Failure to respond to qualified written request from the borrower.

12. Plaintiffs never received any documents from Defendant Creditors, relating to the transaction of transfer of mortgage and ownership, despite repeated requests to Defendant Creditors by Plaintiffs to be provided with all documentation related to the transaction of refinance.

**Legal Issues Defendant Alexander Dy:**

1.    Whether each count of the plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.    Whether the Plaintiffs' Complaint alleges the elements of fraud with sufficient particularity, as required by Fed. R. Civ. P. 9(b).

3.    Whether Defendant Alexander Dy was the cause, proximate or otherwise, of any damages Plaintiffs allegedly suffered.

4.    Whether any damages suffered by the Plaintiffs is due to the acts or omissions of persons or entities over whom Defendant Alexander Dy had no control.

5.      Whether Defendant Alexander Dy owed a legal duty to the Plaintiffs.

6.      Whether the damages of the Plaintiffs, if any, were cause in whole or part by their own negligence and culpability, and to what extent recovery is barred by contributory negligence and comparative negligence.

7.      Defendant Alexander Dy asserts all defenses and affirmative defenses available to him under Truth in Lending Act, the New Jersey Consumer Fraud Act, and Real Estate Settlement Procedures Act.

8.      Whether Plaintiffs' action is barred by the doctrine of waiver and estoppels.

9.      Whether Plaintiffs' action is barred by the doctrine of unclean hands.

10.     Whether recovery of any alleged damages by Plaintiffs is limited by the doctrine of mitigation of damages.

11.     Whether Plaintiffs' claims are barred by their execution of the contract of sale, the deed and Plaintiffs' subsequent ratification of the transaction complained of.

12.     Whether Plaintiffs have standing to assert a claim against Defendant under the Federal Truth in Lending Act and Real Estate Settlement Procedures Act.

13.     Whether to grant a judgment in favor of Defendant Alexander Dy for contribution and/or indemnification. Cross-claim for Indemnification for Contribution: While denying any responsibility for liability to Plaintiffs, Defendant Alexander Dy asserts this cross-claim against each of the other defendants, jointly and severally, for contribution and/or indemnification pursuant to his rights under the common law, by contract and/or statute, including but not limited to the New Jersey Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53(a)-1 et seq., and the New Jersey Comparative Negligence Law, N.J.S.A. 2A:15—5.1 et seq., for any sum which may be recovered by Plaintiffs against defendant Alexander Dy, and any liability of defendant Alexander Dy to Plaintiffs is merely vicarious, passive and/or secondary.

14.     Whether Defendant Alexander Dy is a "creditor" under the Federal Truth in Lending Act.

15.     Whether Plaintiffs stated a claim under the Federal Truth in Lending Act against Alexander Dy.

16.     Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8.2.

17.     Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8.2.2.

18.     Whether Plaintiffs stated a claim against Alexander Dy under N.J.S.A. 56:8-2.22.

19.     Whether N.J.S.A. 56:8-2.2 and N.J.S.A. 56:8-2.22 is applicable in this case as it

only applies to merchandise.

20.     Whether Plaintiffs stated a claim under the Federal Real Estate Settlement Procedures Act Against

Alexander Dy?

21.     Whether the defendant Roland David should be liable to Alexander Dy for fraud, false pretenses and

misrepresentation.

22.     Whether the defendant Roland David should be liable to Alexander Dy for fraud negligent

misrepresentation: tort of deceit.

23.     Whether the plaintiffs should be liable to Alexander Dy for fraud, false pretenses and misrepresentation.

24.     Whether the plaintiffs should be liable to Alexander Dy under respondent superior-negligence.

25.     Whether the plaintiffs should be liable to Alexander Dy for frivolous suit and abuse of litigation.

26.     Whether Alexander Dy should be awarded actual damages, compensatory, consequential, incidental,

punitive damages, attorneys' fees, and costs.

**Legal Issues Defendant Roland David:**

Defendant Roland David deny that he violated any law and that the Laws stated therein

no HUD, RESPAS, TILA, New Jersey Consumer Fraud Act, were not violated by him or any of the

defendants or that they are applicable to him or any of the defendants. David denies any liability on any

applicable law either to Plaintiffs or co-defendants.  David denies any violation of the law, either statutory or at

common law.  David will object to any document that is not admissible under the FRCP and the Federal Rules of Evidence including but not limited to issues of authentication.

**10. Conclusion**

A. Resolution of motion to consolidate 07-2210 and 09-3774

Resolution of Defendant Alexander Dy's motion to dismiss to which defendant Roland David joins. Request of Defendant Alexander Dy and Roland David to make a motion for summary judgment on all claims, cross-claims, and counterclaims.

B.

     1. Mr. Shmuel Klein representing Mr. and Mrs. Peters.

     2. Tomas Espinosa representing Roland David.

     3. Yovendra Mangal and Tamara Ann L. Del Carmen representing Alexander Dy.

C. To be determined by the Judge and the availability of parties and counsel

D. NA

E. NA

F. 5 days for liability

  2 days for damages

G .TDB