Del Carmen & Mangal, P.C.
87-87 Francis Lewis Blvd., 2nd Fl.
Queens Village, NY 11427
Phone:(718) 464-4448
Fax: (718) 464-0034
Tamara Ann L. Del Carmen, Esq.
(TD-8686)
Attorneys for
Defendant Alexander Dy

---

HENRY PETERS AND PAMELA PETERS,

                    Plaintiffs,

                v.

ROLAND DAVID, NATIONAL
COMMERCIAL BUSINESS CREDIT;
R. DAVID & ASSOCIATES PA, LLC;
FINANCIAL SERVICES GROUP, LLC;
CREDIT MANAGEMENT & RECOVERY
SERVICES, INC.; GOLDSTAR
MORTGAGE; ALEXANDER DY; PNC
BANK; CAROL ZAGORIC; JOANNE
RAGGI; FGC COMMERICAL MORTGAGE
FINANCE; JOURNEYMAN TITLE
AGENCY, INC.; CHICAGO TITLE
INSURANCE COMPANY; LYNN
LAZARO; JOHN DOE 1 through
10; and XYZ INC., ten names
being fictitious and unknown
to the plaintiffs, the person
or parties intended being
the persons or parties, if
any,

                    Defendants.

: UNITED STATES DISTRICT
: COURT DISTRICT OF NEW JERSEY
:
: Case No. 07-CV-2210 (KSH-PS)
:
:      CIVIL ACTION
:
:
:
:
:
:
:
:
: DEFENDANT ALEXANDER DY'S
: BRIEF IN SUPPORT OF
: SUMMARY JUDGMENT MOTION
:
:
:
:
:
:
:
:
:
:
:
:
:

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF ALLEGATIONS IN AMENDED COMPLAINT...........2

ARGUMENT.................................................2

POINT I:      STANDARD REVIEW............................2

POINT II:     ALEXANDER DY IS ENTITLED TO JUDGMENT AS A
              MATTER OF LAW UNDER TILA BECAUSE DY IS NOT A
              "CREDITOR" UNDER THE ACT...................4

              A. Dy is not a creditor under TILA.........4

POINT III:    PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON
              WHICH RELIEF CAN BE GRANTED UNDER THE NEW
              JERSEY CONSUMER FRAUD ACT AGAINST
              ALEXANDER DY...............................5

              A. Plaintiffs Have Failed To State a Claim
                 Under N.J.S.A. 56:8-2.... ..............5

              B. Plaintiffs have Failed To State a Claim
                 Under N.J.S.A. 56: 8-2.22..............6

POINT IV:     PLAINTIFFS HAVE NO EVIDENCE THAT ALEXANDER DY
              VIOLATED ANY SECTION OF THE NEW JERSEY
              CONSUMER FRAUD ACT.........................8

POINT V:      COUNT V OF PLAINTIFFS' COMPLAINT FAILS TO
              STATE A CLAIM UPON WHICH RELIEF CAN BE UNDER
              THE FEDERAL REAL ESTATE SETTLEMENT PROCEDURES
              ACT AGAINST ALEXANDER DY AND IS NOT APPLICABLE
              TO ALEXANDER DY.... ......................9

              A. Plaintiffs Complaint Fails to State a Claim
                 Upon Which Relief Can Be Granted Under The
                 Federal Real Estate Settlement Procedures Act
                 Against Alexander ......................9

              B. The Federal Real Estate Settlement
                 Procedures Act Is Not Applicable to Alexander
                 Dy ....... .............................10

POINT VI:       COUNTS SIX AND NINE OF PLAINTIFFS' AMENDED
                COMPLAINT HAVE BEEN VOLUNTARILY WITHDRAWN BY
                PLAINTIFFS...............................10

POINT VII:      COUNT SEVEN OF THE PLAINTIFFS' AMENDED
                COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
                RELIEF CAN BE GRANTED AGAINST ALEXANDER DY
                AND PLAINTIFFS HAVE NO EVIDENCE OF INTENTIONAL
                MISREPRESENTATION........................10

                A. Plaintiffs Failed To Plead Any Intentional
                Misrepresentation Against Dy and Have No
                Evidence.................................11

POINT VIII:     COUNT EIGHT OF PLAINTIFFS' AMENDED COMPLAINT
                FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN
                BE GRANTED AGAINST ALEXANDER DY AND PLAINTIFFS
                HAVE NO EVIDENCE OF CONVERSION.............12
                    .
                A. Plaintiffs Failed to Plead a Case For
                Conversion Against Dy and Plaintiffs Have No
                Evidence of Conversion....................12

POINT IX:       PLAINTIFFS SHOULD BE BARRED FROM ANY RECOVERY
                AND THEIR CLAIMS DISMISSED IN ITS ENTIRETY
                BASED UPON THEIR UNCLEAN HANDS.............13

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                              <u>Page</u>

<u>Anderson v. Liberty Lobby, Inc.</u>,
         477 U.S. 242 (1986) ........................ .......3

<u>Bell Atlantic Corp. v Twombly</u>,
         127 S. Ct. 1995, 167 L.Ed 2d 929 (2007)...........2,3

<u>Celotex Corp. v Catrett</u>,
         477 U.S. 317 (1986)............. ..................3

<u>Conley v. Gibson</u>, 355 U.s. 41
         S.Ct.99, 2 L.Ed. 2d 80 (1957).......................2

<u>Commercial Ins. Co. of Newark v. Apgar</u>,
111 N.J. Super. 108, (Law Div. 1970)....................12

<u>Gennari v. Weichert Co. Realtors</u>,
         228 N.J Super. 504 (App. Div. 1996)...........6,11,19

<u>Glasofer Motors v. Osterlund, Inc.</u>,
433 a.2D (1981) 12 U.S.C. ...........................13

<u>Hageman v. 28 Glen Park Assoc., L.L.C.</u>,
         952 A.2d 533 (2008)...............................13

<u>Neveroski v. Blair</u>,141 N.J. Super.
         365, n. 3, (App. Div. 1976)........................7

<u>Phillips v. Country of Allegheny</u>,
         515 F. 3d 361 n. 7................................2,3

<u>Pinker v. Roche Holdings, Ltd.</u>,
         292 F. 3d 361 n. 7.................................3

## STATUES

15 U.S.C. §1602(f)......................................4

N.J.S.A. §56:8-2.......................................5,8

N.J.S.A. §56:8-2.22....................................6

N.J.S.A. §56:8-1.......................................7

12 U.S.C. §2605 .......................................9,10

12 U.S.C. §2614 .......................................9

12 U.S.C. §2602(1).....................................9

12 U.S.C. §2605(i)(2)..................................9,10

**<u>RULES</u>**

Rule    12 (b) (6) ......................................2

Rule    56 (c) ......................................3

## PRELIMINARY STATEMENT

Defendant Alexander Dy ("Dy") moves this court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment with regards to the plaintiffs' entire amended complaint.  No genuine issue as to any material facts exists and thus defendant is entitled to judgment as a matter of law as to all counts and counterclaims alleged in the complaint.

The complaint alleges that the defendants, comprising of title companies, mortgage brokers, lenders, representatives of the foregoing and Dy should be held liable under various complex theories for the plaintiffs transferring their former residence, a condominium unit, located at 10 Ashby Lane, Unit G, Bldg. 15, Newark, New Jersey ("Property") to Dy on August 24, 2006, and then entering a one year lease-back with Dy.  This was in fact the second such transfer and lease-back of the property that plaintiffs' entered into, the first being in 2004 with Pamela Peters' parents, and the repurchase of the property both done with the assistance of defendant Roland David.  The victim in this case was Alexander Dy, who thought he was doing the right thing by helping out the plaintiffs in a transaction that was completely set up and controlled by defendant Roland David and the plaintiffs.

## STATEMENT OF ALLEGATIONS IN COMPLAINT

The complaint alleges no conduct or representations of Dy, prior to the closing on the sale of the property from the plaintiffs to Dy.  The only conduct referenced in the complaint against Dy is as to conduct following the closing.

There are no specific allegations as to any conduct on the part of Dy.

## STATEMENT OF FACTS

For a statement of material facts, Defendant Alexander Dy respectfully refers to this honorable court to his Rule 56.1 Statement.

## ARGUMENT

## POINT I

## STANDARD OF REVIEW

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007), the Supreme Court set forth a new standard for deciding Rule 12(b)(6) motions.  The Third Circuit Court of Appeals addressed the new legal standard for motions to dismiss in Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  As noted in the Phillips case, "the Supreme Court rejected language that long had formed part of the Rule 12(b)(6) standard, namely the statement in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

2

entitle him to relief.' Id. At 45-46, 78 S.Ct. at 99." Phillips, 515 F3d at 230.  As the Phillips court noted, "[i]t remains an acceptable statement of the standard, for example, that courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and complaint, the plaintiff may be entitled to relief.'" Phillips at 233, citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n. 7, and Twombly, 127 S.Ct. at 1969 n. 8.  However, "[a]fter Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of the [proscribed] conduct.'" Phillips 515 F.3d at 234, quoting Twombly, 127 Sup. Ct. at 1969, n.8.

Pursuant to Federal Rules of Civil Procedure 56(c), summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, at 248(1986).

The party opposing summary judgment must establish the existence of every element essential to its case on which the party will bear the burden of proof at trial.  Celotex Corp. v.

3

_Catrett_, 477 U.S. 317, at 322(1986). A failure of proof concerning an essential element of the non-moving party's case entitles the moving party to a summary judgment.  Id. at 323.

As demonstrated below, defendant Alexander Dy's motion should be granted based upon the pleadings, exhibits, the undisputed facts and the applicable law.

### POINT II

**ALEXANDER DY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER TILA BECAUSE DY IS NOT A "CREDITOR" UNDER THE ACT (COUNT I)**

**A.   Dy is not a creditor under the Truth in Lending Act.**

Dy is not a "creditor" under the Truth in Lending Act ("TILA"), and therefore, cannot be liable to plaintiffs for any TILA violation. Section 1602(f) defines "creditor" as follows:

> (f) The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to who the transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

There is no allegation in the complaint or evidence to support either of the two conjunctive elements – that Dy regularly extends consumer credit _and_ that Dy is the person to whom the mortgage was initially payable on the face of

4

the mortgage.  The complaint fails to make any such allegations against Dy.  Moreover, plaintiffs can offer no evidence to prove otherwise.  In fact Defendant Dy was a first time home buyer and never purchased or owned any real property prior to the 2006 transaction with the plaintiffs.  Dy had no knowledge or any experience in the area of real estate.  (See Exhibit "4", Dy Cert. ¶3).

In this case, Dy is the borrower and not the creditor, he was and is legally responsible to make the mortgage payments. In fact, Dy is and has been making all mortgage payments on the property following the closing on August 24, 2006.

### POINT III

**PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE NEW JERSEY CONSUMER FRAUD ACT AGAINST ALEXANDER DY**

**(Counts II,III,IV)**

**A.   Plaintiffs Have Failed to State a Claim Under N.J.S.A. 56:8.2**

Section 56:8.2 of the CFA states, in pertinent part:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, <u>in connection with the sale or advertisement</u> of any merchandise or real estate….

N.J.S.A. 56:8-2 (emphasis added).

5

Plaintiffs have made absolutely no allegations against Dy as to any statements or conduct of Dy occurring prior to the transfer of the property on August 24, 2006.  There is no allegation that Dy did anything in connection with the "sale or advertisement" of any real estate.

Moreover, the CFA is designed to protect purchasers of real estate, such as Dy, not sellers of real estate.  The CFA protects purchasers from misrepresentations and fraudulent conduct in connection with the sale or advertisement of real estate.  Not just any erroneous statement will constitute misrepresentation barred under Consumer Fraud Act section prohibiting fraudulent conduct in connection with sale of real estate; misrepresentation has to be one which is material to a transaction and which is a statement of fact, found to be false, made to induce buyer to make purchase.  Gennari v. Weichert Co. Realtors, 288 N.J. Super. 04 (App. Div. 1996), leave to appeal granted 146 N.J. 64, leave to appeal granted 146 N.J. 495, affirmed as modified 148 N.J. 582.

**B.    Plaintiffs Have Failed to State a Claim Under N.J.S.A. 56:8-2.22 and N.J.S.A. 56:8-2.22 Does Not Apply**

The Consumer Fraud Act, N.J.S.A. 56:8-2.22 provides as follows:

> It shall be unlawful practice for a person in connection with a sale of merchandise to require or request the

6

> consumer to sign any document as evidence or
> acknowledgment of the sales contract, or of
> the discharge by the person of any
> obligation to the consumer specified in or
> arising out of the transaction or contract,
> unless he shall at the same time provide the
> consumer with a full and accurate copy of
> the document so presented for signature but
> this section shall not be applicable to
> orders placed through the mail by the
> consumer for merchandise.

(Emphasis added).

This section of the CFA is not applicable to real estate transactions. It only applies to the sale of merchandise. The CFA defines "merchandise" as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. 56:8-1 does not include real estate. There are no New Jersey cases which interpret "merchandise" to include real estate transactions. Moreover, it is noted that "or real estate" was added to Section 8.2 by amendment of the law in 1976, and was ruled by the Appellate Division prior to the amendment that "merchandise" did not include real estate. Neveroski v. Blair, 141 N.J. Super. 365, 377, n. 3, (App. Div. 1976), superseded by the aforementioned statutory amendment. Accordingly, Sections 8-2.11, 8-2.12, and 8-19, cited in the Amended Complaint (¶¶69,74), are inapplicable.

Plaintiffs have failed to state a viable cause of action under the Consumer Fraud Act against Dy, requiring dismissal of

7

Counts II, III, and IV.

## POINT IV

**PLAINTIFFS HAVE NO EVIDENCE THAT ALEXANDER DY VIOLATED ANY SECTION OF THE NEW JERSEY CONSUMER FRAUD ACT**

### (Counts II,III,IV)

In order to prevail on a claim under N.J.S.A., the plaintiffs must make a showing of fraud or deception by Dy "in connection with the sale or advertisement" of real estate. As discussed above, plaintiffs failed to make any allegations against Dy.  Moreover, plaintiffs' deposition testimony makes it clear that Dy engaged in no wrongful conduct as he made absolutely no representations to the plaintiffs.  Dy first met both the plaintiffs and defendant Roland David in person sometime during the end of July 2006 at the office of defendant Roland David. (See Exhibit "4", Dy Cert. ¶4). According to plaintiff Pamela Peter' deposition testimony, Dy did not say anything with regards to the property. (See Exhibit "13", Pamela Peters Dep. at p. 42:20, July 21, 2009).  Plaintiff Henry Peters also clearly indicated in his deposition testimony that Dy did not make any representations.  See Exhibit "12", Henry Peters Dep. 69:24, July 21, 2009).

In the Amended Complaint, plaintiffs vaguely and generally allege that Defendants violated the New Jersey Consumer Fraud Act by "use of fraud, deception, misrepresentation and false

promises to the Plaintiffs." (See Exhibit "14", Complaint
¶59).  The exhibits and plaintiffs' own deposition testimony
clearly show that Dy made absolutely no representations in
connection with the "sale or advertisement" of any real estate.
As there is no issue of material fact to be decided by a jury,
the plaintiffs' claims under the New Jersey Consumer Fraud
Act against Alexander Dy must be dismissed in its entirety.

**POINT V**

**COUNT V OF PLAINITFFS' COMPLAINT FAILS TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED UNDER THE FEDERAL REAL ESTATE
SETTLEMENT PROCEDURES ACT AGAINST ALEXANDER DY AND IS NOT
APPLICABLE TO ALEXANDER DY.**
**(COUNT V)**

**A.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED UNDER THE FEDERAL REAL ESTATE SETTLEMENT
PROCEDURES ACT AGAINST ALEXANDER DY**

Plaintiffs fail to state a claim upon which relief can be
granted against Dy for violation of the Real Estate Settlement
Procedures Act, ("RESPA").  Plaintiffs allege generally against
the defendants that they have violated 12 U.S.C. §2605, and
subject to the provision of 12 U.S.C. §2614.  (Amended Complaint
¶¶76 and 77.)

Plaintiffs have alleged no facts and have no evidence that
Dy made a "federally related mortgage loan" as that term is
defined by 12 U.S.C. ¶2602(1), such as one that is federally
guaranteed, or that Dy is "servicer" of such loan, pursuant to

12 U.S.C. ¶2605(i)(2).  Thus, Dy cannot be liable under 12 U.S.C. §2605 and Count V of the Amended Complaint should be dismissed as against him.

**B.   THE FEDERAL REAL ESTATE SETTLEMENT PROCEDURES ACT IS NOT APPLICABLE TO ALEXANDER DY**

As stated above, Dy was the purchaser of the property and did not make a federally related mortgage. RESPA protects purchasers such as Dy.  Moreover, Dy did not provide any real estate settlement services and therefore cannot be liable under 12 U.S.C. §2605, and Count V should be dismissed against him.

**POINT VI**

**COUNTS SIX AND NINE OF PLAINTIFFS' AMENDED COMPLAINT HAVE BEEN VOLUNTARILY WITHDRAWN BY PLAINTIFFS**

**(COUNTS VI, IX)**

Plaintiffs have withdrawn their claim under the Federal Racketeer Influenced and Corrupt Organizations Act and claim for intentional infliction of emotional distress.  As such, no further argument is necessary.

**POINT VII**

**COUNT SEVEN OF THE PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST ALEXANDER DY AND PLAINTIFFS HAVE NO EVIDENCE OF INTENTIONAL MISREPRESENTATION**

**(COUNT VII)**

Plaintiffs have utterly failed to make out a case and cannot prove the torts of intentional misrepresentation

against Alexander Dy.

**A.    Plaintiffs Failed to Plead Any Intentional Misrepresentation Against Dy and Have No Evidence**

As an initial matter, Pursuant to Fed. R. Civ. P. 9(b), a plaintiff is required to "state with particularity the circumstances constituting fraud…." Yet, Plaintiffs have failed to make any allegation against Dy as to any statement Dy made prior to the closing on the sale of the Property on August, 24, 2006 (See Exhibit "14", Amended Complaint, ¶34) much less any false statement or intentionally false statement.

Plaintiffs have failed to plead nor can they prove any of the elements of intentional misrepresentation against Dy.  The five elements of common law fraud are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by a defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Gennari, 148 N.J. at 610.  Plaintiffs plead none of these elements nor could they.  As indicated above, the evidence clearly establishes that Alexander Dy made absolutely no representations to the plaintiffs.

As plaintiffs have no evidence to indicate any statement made by Dy, they cannot plead any reasonable reliance, as the plaintiffs admit in their Amended Complaint that the

11

"mortgage rescue" transaction with Dy was not their first.  (See Exhibit 14, Amended Complaint ¶22).  With the assistance of defendant Roland David, plaintiffs previously transferred the property to the Scotts (parents of Pamela Peters) when the property fell into foreclosure in 2004, and then the property was transferred back to the Peters in 2005.  (See Exhibits "6" and "8").

**POINT VIII**

**COUNT EIGHT OF PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST ALEXANDER DY AND PLAINTIFFS HAVE NO EVIDENCE OF CONVERSION**

**(COUNT VIII)**

**A.    PLAINTIFFS FAILED TO PLEAD A CASE FOR CONVERSION AGAINST DY AND PLAINTIFFS HAVE NO EVIDENCE OF CONVERSION**

Generally, the gravamen of the tort of conversion consists of the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights.  Commercial Ins. Co. of Newark v. Apgar, 111 N.J. Super. 108, (Law Div. 1970). The Amended Complaint admits that the Peters deeded over the property to Dy.  The deed itself reflects that the transaction was a sale.  (See Exhibit "1").  In fact plaintiff Pamela Peters even testified that she wanted to sell the property to Dy.  (See Exhibit "13", Pamela Peters Dep. 41:22, July 21, 2009).  The plaintiffs' execution of the deed and closing documents and subsequent ratification of the transaction clearly establishes that they cannot prove any make

12

a claim of conversion.  Plaintiffs have not, and cannot allege that Dy exercised dominion and control over the property in a manner which is inconsistent with plaintiffs' transfer of the property to Dy.

Plaintiffs have utterly failed to make out and cannot prove any cause of action for the torts of conversion (Count VII) against Alexander Dy.

## POINT IX

**PLAINTIFFS SHOULD BE BARRED FROM ANY RECOVERY AND THEIR CLAIMS DISMISSED IN ITS ENTIRETY BASED UPON THEIR UNCLEAN HANDS**

The doctrine of unclean hands is "an equitable principle which requires a denial of relief to a party who is himself guilty of inequitable conduct in reference to the matter in controversy." Hageman v. 28 Glen Park Assoc., L.L.C. 402 N.J. Super. 43, 952 A.2d 533 (Ch. Div. 2008) at 7,8, citing to Glasofer Motors v. Osterlund, Inc. 180 N.J. Super. 6,13, 433 A.2d 780 (App. Div. 1981).

Plaintiffs come to this Court with unclean hands. As stated previously, the lease and sale back of the property was not the plaintiffs first. In 2004, plaintiffs first entered into a transfer and lease-back of the property to Pamela Peters parents to avoid a foreclosure. (See Exhibit "6"). In fact, plaintiff Henry Peters testified that the property was sold to his in-laws in order to avoid a foreclosure.  (See Exhibit "12", Henry

Peters Dep. 23:12, July 21, 2009).

Plaintiffs worked directly with defendant Roland David and his company when they sold the property to the Scotts.  In fact, the Scotts' took out a second mortgage from defendant Roland David in the amount of Five Thousand Four Hundred Twenty One Dollars and Forty Two Cents ($5,421.42). (See Exhibit "7").

After the closing in June 2004, the plaintiffs continued to reside in the property.  (See Exhibit "12", Henry Peters Dep. 39:16, July 21, 2009).  Plaintiffs were directly paying the mortgage on the property owed by the Scotts.  (See Exhibit "12", Henry Peters Dep. 40:3, July 21, 2009).  In his deposition testimony, plaintiff Henry Peters also acknowledged that defendant Roland David and his employees even prepared the transfer documents from the Scotts.  (See Exhibit "12", Henry Peters Dep. 55:16).  The property was transferred back to the plaintiffs with the assistance of defendant Roland David and defendant Carol Zagoric.  (See Exhibit "8").

Despite the sale and lease-back transaction to the Scotts, plaintiffs once again could not pay the mortgage and were faced with foreclosure proceedings.  In June 2005, a foreclosure lawsuit was filed against the Scotts and defendant Roland David. (See Exhibit "9").  A summons and complaint of the foreclosure lawsuit was served upon plaintiff Henry Peters by personal

14

service on June 5, 2005.  (See Exhibit "10").  In order to stop
foreclosure proceedings, plaintiffs filed a letter dated
December 29, 2005, to Honorable Kenneth S. Levy in Essex County
Superior Court. (See Exhibit "11").  In this letter, plaintiff
Pamela Peters informed the Court that she was "never aware that
the property had gone into foreclosure," despite her husband
receiving a copy of the lawsuit and their non-payment. (See
Exhibit "11").

    According to plaintiff Pamela Peters, the letter was filed
to get more time. (See Exhibit "13", Pamela Peters Dep. 35:21,
July 21, 2009).  Plaintiffs can hardly say that they were "never
aware" that the property was in foreclosure since they received
a copy of the summons and complaint by personal service in June
2005 and knew that the mortgage was not being paid.
Contradictory to their Amended Complaint ¶25, plaintiff Pamela
Peters admits that they never even attempted to make a mortgage
payment after the foreclosure lawsuit was commenced. (See
Exhibit "13", Pamela Peters Dep. 36:9, July 21, 2009).

    After being unable to pay the mortgage once again,
plaintiffs again contacted defendant Roland David's office and
set up an appointment sometime in 2005. Plaintiff Henry Peters
testified that they met with defendant Roland David several
times to discuss a plan.  Specifically, plaintiff Henry Peters
admitted that they had more than five discussions with defendant

15

Roland David. (See Exhibit "12", Henry Peters Dep. 49:11, July 21, 2009).  In her testimony, plaintiff Pamela Peters stated that at one point defendant Roland David ran their credit to determine if they can purchase the property back from the Scotts.  (See Exhibit "13", Pamela Peters Dep. 36:25, July 21, 2009).  Mrs. Peters further testified that they could not purchase the property because of their finances.  (See Exhibit "13", Pamela Peters Dep. 37:2-3, July 21, 2009).

After several discussions with defendant Roland David, plaintiffs agreed on a plan similar to the 2004 transaction with the Scotts.  Plaintiff Henry Peters testified that he was aware that they would be renting the property.  (See Exhibit "12", Henry Peters Dep. 64:9, July 21, 2009).  As in the 2004 transaction, plaintiffs actively participated and took steps to facilitate the 2006 transaction.  Contrary to plaintiffs' amended complaint, ¶29, an appraiser came to examine the property.  In fact, plaintiff Henry Peters even testified that there were a "couple of appraisals" on the property.  (See Exhibit "12", Henry Peters Dep. 64:9, July 21, 2009).

Sometime during the end of July 2006, Dy first met both plaintiffs and defendant Roland David in person. (See Exhibit "4", Dy Cert. ¶4). As previously stated, Dy made no representations to the plaintiffs. Defendant Roland David and

16

plaintiffs made several representations to Dy.   In fact,

plaintiff Pamela Peters testified during her deposition

that at this meeting, Dy was informed by defendant Roland David

that plaintiffs parents were having a problem with the mortgage

and that they would like for him to help them out. (See Exhibit

"13", Pamela Peters Dep. 42:8, July 21, 2009).   Plaintiff Pamela

Peters further testified that at this meeting, she told Dy she

previously worked with defendant Roland David.   (See Exhibit

"13", Pamela Peters Dep. 42:17, July 21, 2009).

Plaintiffs intentionally deceived Dy by failing to inform

him about their long history of non-payment, previous bankruptcy

filing, and their knowledge that the previous sale and leaseback

in 2004 was unsuccessful.   In fact plaintiff Pamela Peters

testified that she did not even tell Dy that they were in a

difficult financial situation.   (See Exhibit "13", Pamela Peters

Dep. 41:19, July 21, 2009). Moreover, at the meeting Dy was

assured by defendant Roland David and the plaintiffs that they

would be able to pay rent.   (See Exhibit "4", Dy Cert. ¶6).

Defendant Roland David even told Dy that he prepared the

plaintiffs' previous tax returns.   (See Exhibit "4", Dy Cert.

¶6).

Dy relied upon the representations made by the plaintiffs

and defendant Roland David.   Upon defendant Roland David's

direction, Alexander Dy did not hire an attorney to represent

17

him in the closing on August 24, 2006.  (See Exhibit "4",
Dy Cert. ¶8).  Thereafter plaintiffs then entered into a one
year lease with Defendant Alexander Dy.  (See Exhibit "2").
Plaintiffs even wrote checks payable to Alexander Dy for
the rent for the entire year.  (See Exhibit "12", Henry Peters
Dep. 77:6-25, July 21, 2009).  Approximately two months after
the closing, sometime in October 2006,  plaintiffs' check for
rent bounced.  (See Exhibit "3").  Thereafter plaintiffs made
partial and late rental payments.  Plaintiffs made a last
partial rent payment in June 2007.  From August 2006 until
December 2007, plaintiffs paid rent to Dy in the amount of
approximately $8405.00.  (See Exhibit "4", Dy Cert. ¶16).

Plaintiffs' relief sought is the result of their actions
and their unclean hands.  Plaintiffs' fraudulent requests to
delay the foreclosure action in Superior Court, their omissions
and their misrepresentations made to Dy all amount to wrongful
conduct.  The plaintiffs' fraudulent and wrongful conduct is
directly related to this lawsuit.  The plaintiffs knowingly and
willfully planned and participated by enabling the transaction
of which they now complain.  As the plaintiffs come to Court
with unclean hands, they should be barred from any recovery.

**CONCLUSION**

It is respectfully requested that this Honorable Court grant Defendant Alexander Dy's motion for summary judgment dismissing the plaintiffs' entire complaint with prejudice against Alexander Dy.

Dated: February 18, 2010

Respectfully Submitted,

Del Carmen & Mangal, P.C.
Attorneys for Defendant
Alexander Dy

By:/s/ Tamara Ann L. Del Carmen