**Del Carmen & Mangal, PC**
*Attorneys and Counselors at Law*
87-87 Francis Lewis Blvd., 2nd Fl., Queens Village, NY 11427

Tamara del Carmen, Esq. *
Yovendra Mangal, Esq.^

Telephone: (718) 464-4448
Facsimile:(718) 464-0034

*Admitted in NY & NJ
^Admitted in NY

July 8, 2010

Honorable Katharine S. Hayden
PO 05
U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:  Peters et al. v. David et al.
      Case No.: 07-2210 (KSH-PS)**

Dear Honorable Katharine S. Hayden:

Our office would like to give our sincerest sympathies and condolences to plaintiff Pamela Peters on the death of her husband. We extend our sympathies to her family during this difficult time.

As this is an unfortunate event, Mr. Klein inappropriately takes advantage of this sad situation to cite and argue a case, D'Agostino v. Maldonado, No. BER-C-84-09 (N.J. Sup. June 30, 2010)(slip op. pp. 1-19), in an untimely attempt to offer as further opposition to Dy's motion for summary judgment. As of April 5, 2010, Dy's motion for summary judgment was fully submitted with opposition and reply papers. Mr. Klein now attempts to introduce untimely further opposition. Moreover, this case is not approved for publication and may not be cited as legal precedent pursuant to R.1:36-3. Contrary to Mr. Klein's argument, the facts are not similar to this pending case which I must briefly address below.

First, the defendant in the D'Agostino case had vast and prior experience in the area of "buying distressed real estate". D'Agostino v. Maldonado, No. BER-C-84-09 (N.J. Sup. June 30, 2010)(slip op. at 4). He had participated in seven real estate transactions within the past thirteen years and advertised his services. In the D'Agostino case, the trial court determined that the defendant's "past experience in this area of business was sufficient to bring him under the purview of the CFA". Id. at 14.

The D'Agostino case is not similar to the pending case. In the case *sub judice* with the Court, Dy was a first time home buyer. In fact, it was the Peters' who previously worked with defendant Roland David and his employees on several prior real estate transactions. (See Doc. 96, Dy's Summary Judgment Brief). As stated in Dy's motion for summary judgment, the plaintiffs failed to even state any claim under the Consumer Fraud Act.

For the reasons stated above, the case law cited by Mr. Klein should not be taken into the Court's consideration. As this case is pending, this case should be guided by the law and not by emotions related to an unfortunate circumstance.

Respectfully Submitted,

s/ Tamara Ann L. Del Carmen
Tamara Ann L. Del Carmen, Esq.

cc: Shmuel Klein, P.C.