UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **HENRY PETERS, et al.,** | : | |
| Plaintiff, | : | Civil Action No. 07-2210(KSH) |
| v. | : | |
| **ROLAND DAVID, et al.,** | : | ORDER |
| Defendant. | : | |

This matter having come before the Court by way of motion to strike the Answers of Defendants Zagoric, Raggi, and Lazaro;[1]

and the Court having reviewed the docket;

and the docket reflecting that the motion to strike the Answer of Defendant Raggi was resolved by requiring that she provide responses to discovery served upon her by May 14, 2010, see Apr. 14, 2010 Order, Docket Entry No. 111;

and the plaintiffs representing that Defendant Raggi failed to comply with the April 14, 2010 Order, see Docket Entry No. 113;

and the Court now directing Defendant Raggi to show cause why sanctions, including striking her Answer and entering default, should not be imposed for her failure to comply with

---

[1] The docket reflects that Defendants Zagoric and Lazaro filed an Answer, see Docket Entry Nos. 101 and 107. After filing the instant motion, the plaintiffs filed a request for the entry of default, Docket Entry No. 112, which was granted, see April 30, 2010 Docket Entry. The docket also reflects that Defendant Raggi filed an Answer, Docket No. 107. After filing this motion, the plaintiffs filed a request for the entry of default, Docket No. 113, which was granted, see June 3, 2010 Docket Entry. Because these defendants filed Answers, the plaintiff shall not have sought the entry of default and the Clerk improperly granted the request.

the April 14, 2010 Order;

and the docket reflecting that Defendants Zagoric and Lazaro have failed to respond to the motion to strike their Answers;

and the factors set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868–69 (3d Cir. 1984), supporting sanctions, as (1) the failure to respond is the personal responsibility of the defendants as they are proceeding <u>pro se</u> and have been on notice of the motion and their obligation to provide responses to discovery but have failed to do so; (2) the plaintiffs have been prejudiced by the defendants' failure to respond to the discovery because it has interfered with the plaintiffs' ability to investigate the claims; (3) these defendants have willfully failed to provide discovery or respond to the motion to strike their answer, despite notice of the motion and the consequences of their inaction; and (4) no sanction other than striking their Answer will be effective as they have not responded to overtures to secure their participation in this case or responses to discovery;

and Defendant Raggi being notified that a similar analysis may apply to her if she fails to provide responses to the discovery or respond to the directive set forth herein;

and for good cause shown,

IT IS THEREFORE ON THIS 12th day of July, 2010

ORDERED that the Clerk's Entries of Default as to Defendants Raggi, Zagoric and Lazaro, entered on April 30, 2010 and June 3, 2010, are vacated;

IT IS FURTHER ORDERED that the motion to strike the Answer of Defendants Zagoric and Lazaro [Docket No. 107] is granted without prejudice to their right to seek reinstatement of

their Answer upon proof filed no later than **July 30, 2010**,[2] that they have provided responses to the discovery served upon them.  If they do not file proof that they provided responses to the discovery by **July 30, 2010**, then their Answer will remain struck and default will be deemed entered against them and the plaintiffs shall file a motion for default judgment no later than September 10, 2010;

      IT IS FURTHER ORDERED that, no later than **July 30, 2010**, Defendant Raggi shall submit a letter to the Court that shows cause why sanctions should not be imposed, including striking her Answer and entering default, pursuant to Fed. R. Civ. P. 16 and /or 37, for her failure to comply with the April 14, 2010 Order.  Failure to provide a written response by the **July 30, 2010** deadline will be deemed as consent to having her Answer struck and default entered;[3]

      IT IS FURTHER ORDERED that, no later than **August 3, 2010**, the plaintiffs shall submit a letter stating whether or not they have received responses from Defendants Raggi, Zagoric and Lazaro;

      IT IS FURTHER ORDERED that the Clerk of the Court shall update the docket to reflect the following address for Defendant Lazaro: 33 Oak Ridge Rd, Montague, NJ 07827-3432; and

      IT IS FURTHER ORDERED that the Clerk shall mail a copy of this Order to Defendants Raggi, Zagoric, and Lazaro by regular mail and certified mail/return receipt requested.

       s/ Katharine S. Hayden  
      **UNITED STATES DISTRICT JUDGE**

---

[2] Because these defendants are proceeding pro se, the Court is providing them with one final opportunity to comply with their discovery obligations in this case.

[3] Because Defendant Raggi is proceeding pro se, the Court is providing her one final opportunity to comply with the April 14, 2010 Order and her discovery obligations