**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY PETERS AND PAMELA PETERS, | |
| Plaintiffs, | |
| v. | Civ. Action No. 07-2210 (KSH) |
| ROLAND DAVID, et al., | |
| Defendants. | **OPINION & ORDER** |

**Katharine S. Hayden, U.S.D.J.**

Plaintiffs Henry Peters and Pamela Peters have filed a lawsuit alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the New Jersey Consumer Fraud Act, 56:8-1 *et seq*. This matter comes before the Court by way of the motion for summary judgment [D.E. 95 & 96] filed by defendant Alexander Dy.

### I.      STANDARD OF REVIEW

A district court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). No genuinely triable issue of fact exists when the moving party demonstrates—based on the submitted evidence, and viewing the facts in the light most favorable to the non-moving party—that no rational jury could find in the non-movant's favor. *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

Once the moving party satisfies this initial burden of showing a genuine issue of material fact, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986), the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." FRCP 56(c).  In so doing, the non-moving party must offer identifiable facts that establish a genuine issue of material facts, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  In evaluating the evidence, however, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster*, 32 F.3d at 777).

## II.    DISCUSSION

Plaintiffs sold their home to defendants' home mortgage "rescue business," which purported to aid distressed property owners by having a straw person buy the home while the owner continued to lease it and then eventually buy it back.  According to plaintiffs, defendant Roland David was the director of the "rescue business" and orchestrated the scheme, and Dy was the straw person.  Plaintiffs were unable to make the lease payments called for under the arrangement, and they eventually filed for chapter 13 bankruptcy.  Dy sent plaintiffs eviction papers.  Plaintiffs' facts in the final pre-trial order [D.E. 76] state that they "never received any of the money from the sale of there [sic] house despite the fact that it was sold for $310,000.00, and they were tricked into signing a release of the proceeds from the sale of their property to Alexander Dy."  (Final Pre-Trial Order 5.)

In determining if material facts are in dispute, the Court has reviewed the final pretrial order [D.E. 76], and it demonstrates the extent of division between and among the parties that makes summary judgment impossible.  For example, plaintiffs state that David proposed the

mortgage "rescue" plan to purchase plaintiffs' home and then give them cash from the available equity.  (Final Pre-Trial Order 4.)  Moreover, according to plaintiffs' version of the facts, Dy "convinced them that this plan would actually help them by, [sic] saving money and allow [sic] them to keep their home."  (*Id.*)  But Dy asserts that plaintiffs and David fraudulently misrepresented to Dy that the sale of the home was a valid transaction that would help plaintiffs. (*Id.* at 8.)  Dy further alleges that David was the "acting agent, representative and/or employee of the plaintiffs."  (*Id.* at 7.)

Plaintiffs and Dy also disagree as to the amount of money paid out.  The final pre-trial order shows that plaintiffs allege to have paid $12,000 from the mortgage proceeds for "refinancing" when the home was sold to Dy.  (*Id.* at 4.)  Additionally, they argue that they paid out the following:  (1) $6,000 for costs associated with the mortgage transaction; and (2) $3,005.37 each month, until they became frustrated after never receiving copies of the documents they signed.  (*Id.* at 5.)  Plaintiffs further argue that they never received any money for the sale of their house despite the fact that it was sold for $310,000 and that were tricked into signing a release of the proceeds from the sale of their property to Dy. (*Id.*)  The pre-trial order paints a different picture of Dy's version of the facts paints a different picture.  He alleges that: (1) he only received $4,355 for rent from the period of August 25, 2006 to December 3, 2006, and only $4,050 for the period of January 1, 2007 to December 21, 2007; (2) plaintiffs lived rent free for approximately eight months; and (3) plaintiffs failed to pay "use and occupancy for the months of July through October" as ordered by the bankruptcy court.  (*Id.* 7, 9.)

The outcome of the within action depends on how these disputed facts are resolved.  As such, they are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("For a fact to be

material it must have the ability to "affect the outcome of the suit under the governing law.").

Summary judgment may not be entered on this record.

Good cause appearing,

**IT IS** on this 29th day of July, 2010,

**ORDERED** that Dy's motion for summary judgment [D.E. 95 & 96] is **denied**.


/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.