Del Carmen & Mangal, P.C.
87-87 Francis Lewis Blvd., 2nd Fl.
Queens Village, NY 11427
Phone:(718) 464-4448
Fax: (718) 464-0034
Tamara Ann L. Del Carmen, Esq.
Attorneys for
Defendant Alexander Dy

| | |
|---|---|
| HENRY PETERS AND PAMELA PETERS, | : UNITED STATES DISTRICT |
| | : COURT DISTRICT OF NEW JERSEY |
| | : |
| Plaintiffs, | : Case No. 07-CV-2210 (KSH-PS) |
| | : |
| v. | : CIVIL ACTION |
| ROLAND DAVID, NATIONAL COMMERCIAL BUSINESS CREDIT; R. DAVID & ASSOCIATES PA, LLC; FINANCIAL SERVICES GROUP, LLC; CREDIT MANAGEMENT & RECOVERY SERVICES, INC.; GOLDSTAR MORTGAGE; ALEXANDER DY; PNC BANK; CAROL ZAGORIC; JOANNE RAGGI; FGC COMMERICAL MORTGAGE FINANCE; JOURNEYMAN TITLE AGENCY, INC.; CHICAGO TITLE INSURANCE COMPANY; LYNN LAZARO; JOHN DOE 1 through 10; and XYZ INC., ten names being fictitious and unknown to the plaintiffs, the person or parties intended being the persons or parties, if any, | : : : : : : : DEFENDANT ALEXANDER DY'S : BRIEF IN SUPPORT OF : MOTION FOR : RECONSIDERATION : : : : : : : |
| Defendants. | : |

**TABLE OF CONTENTS**

**Page**

PROCEDURAL HISTORY.....................................2

ARGUMENT...............................................1

POINT I:   Dy's Motion Meets the Standards
           Required for Reconsideration................1

STANDARD OF REVIEW.....................................1

CONCLUSION.............................................8

**Cases**

Buffa v. New Jersey State Department of Judiciary,
56 Fed. Appx. 571, 574-575 (3d Cir. 2003)..............2

**Statute**

Local Civil Rule 7.1...................................1

**PROCEDURAL HISTORY**

Alexander Dy ("Dy") filed a motion for summary judgment on February 19, 2010. (Docket Entry Numbers 95 & 96). On July 29, 2010, the Court issued and filed its Opinion and Order on Dy's motion for summary judgment. (Docket Entry No. 121).

Dy now moves before this Honorable Court for reconsideration of the Court's Opinion and Order that denied his summary judgment motion with respect to Count I pursuant to the Truth in Lending Act ("TILA"), Counts II, III, IV pursuant to the N.J.S.A. 56:8-2, 56:8-2.2, and 56:8-2.22, Count V pursuant to the Federal Real Estate Settlement Procedures Act ("RESPA"), Count VII Intentional Misrepresentation claim, Count VIII Conversion claim and dismissal of plaintiffs' amended complaint against Alexander Dy due to the plaintiffs' unclean hands.

**ARGUMENT**

**POINT I**

**Dy's Motion Meets the Standards Required for Reconsideration**

**STANDARD OF REVIEW**

Pursuant to Local Civil Rule 7.1, a motion for reconsideration must contain a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked". L.Civ.R. 7.1. A motion for reconsideration "may be granted if (1) an intervening change in the controlling law has occurred;

(2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." <u>Buffa v. New Jersey State Department of Judiciary</u>, 56 Fed. Appx. 571, 574-575 (3d Cir. 2003).

In the Opinion issued by The Honorable Katharine S. Hayden, the Court set forth the standard in granting a summary judgment motion. The Court referred to the final pretrial order "in determining if material facts are in dispute." (See Docket Entry No. 121). In support of his summary judgment motion, Dy submitted to the Court certain arguments, factual admissions, and relevant cases.[1] Factual admissions made by the plaintiffs were presented which refuted several of the plaintiffs' contested facts as stated in the final pretrial order. In addition, plaintiffs failed to even state a prima facie claim against Dy in their amended complaint. Dy respectfully asks the Court to reconsider what may have been overlooked in the original summary judgment motion submissions.

In this case, there was much difficulty between the parties in drafting the proposed joint pretrial order. The plaintiffs' attorney Mr. Klein, unilaterally filed a proposed joint pretrial order with the Court on November 19, 2009. (See Docket Entry No. 68). In response, our office and Mr. Tomas Espinosa filed letters with the Court explaining that the "proposed joint"

---

[1] See Dy's Motion for Summary Judgment, Docket Entry Number 95,95 & 97.

2

pretrial order was never approved by all the parties. (See Docket Entry Numbers 69 & 70).

Notwithstanding the difficulties in preparing a proposed joint trial order, during a conference held on or about November 24, 2009, the parties attempted to work together to draft a proposed joint pretrial order. There were several disagreements during the preparation of a proposed joint pretrial order that even "uncontested" facts were labeled as "contested" in order to resolve any discordance between the parties. For example, listed under Dy's contested facts as number four: "Plaintiffs filed for Chapter 13 Bankruptcy in New Jersey District Bankruptcy Court…, in order to prevent a foreclosure of the sale of the Property."[2]

The plaintiffs could not agree that this was an uncontested fact despite having acknowledged this in their own amended complaint, depositions and there is a record filed on PACER.[3] Moreover, the plaintiffs listed this as a "contested" fact in the final pretrial order as follows: "The property went into foreclosure and the Plaintiffs filed a Chapter 13 bankruptcy petition. The case was dismissed June 2004."[4]

---

[2] See Final Pretrial Order, Docket No. 76.
[3] See Plaintiffs' Amended Complaint, paragraph 21; also attached as Exhibit "14" in Dy's Motion for Summary Judgment, Docket Entry Number 95 & 96; deposition transcript of Henry T. Peters, p. 18, lines 12-15; and PACER New Jersey Bankruptcy Court, Bankruptcy Petition #: 02-32669.
[4] See Final Pretrial Order, Docket No. 76.

3

Plaintiff Henry Peters also made the following factual admission regarding his first bankruptcy filing:

> Q: Now, before the foreclosure action, you didn't consider filing for bankruptcy?
>
> A: No.
>
> Q. So, did you file for Chapter XI bankruptcy solely to prevent the foreclosure sale of the property?
>
> A: Yes.

(Henry T. Peters Dep. 18:9-15, July 21, 2009.)[5]

The Court noted in its Opinion and Order that "according to the plaintiffs' version of the facts, Dy "convinced them that this plan would actually help them…" (See Docket No. 76). Although the plaintiffs listed this allegation in the final pretrial order as a "contested fact", the factual admissions made by the plaintiffs in their depositions, clearly indicate that Dy made no representations. As previously stated in Dy's "Statement of Undisputed Facts" filed on February 19, 2010, Dy made no representation with regards to the property.[6] Plaintiff Pamela F. Peters made the following factual admissions in her deposition regarding the meeting with Dy and Defendant Roland David:

> Q: Did Alexander Dy tell you anything with regard to the property?

---

[5] See Exhibit 12 of Dy's Motion for Summary Judgment, Docket Numbers 95 & 96.
[6] See Statement of Undisputed Material Facts of Defendant Dy filed with Dy's Motion for Summary Judgment, Docket Entry Number 95 & 96.

4

    A:   Not that I am aware of. Not to my knowledge.

(Pamela F. Peters Dep. 42:18-20, July 21, 2009)[7]

    Q:   Did anyone else present at that meeting tell Alexander Dy that he would be helping you?

    A:   Roland David.

    Q:   Roland David said that?

    A:   Yes.

    Q:   What did Roland David say?

    A:   He said that my parents were having a problem with the mortgage and that "they would like for you to help them out."

    Q:   Did you tell Alexander Dy that you previously worked with Roland David?

    A:   Worked for him?

    Q:   Worked with him.

    A:   Yes.

    Q:   You told Alexander Dy that?

    A:   Yes.

(Pamela F. Peters 42:1-15, July 21, 2009).[8]

Plaintiff Henry Peters also made the following admission regarding the meeting with Dy and Defendant Roland David:

    Q: Did Mr. Dy make any representations to you?

    A: No.

(Henry T. Peters Dep. 69:22-24, July 21, 2009).[9]

---

[7] See Exhibit 13 of Dy's Motion for Summary Judgment, Docket Numbers 95 & 96.
[8] Id.

5

Notwithstanding these admissions, plaintiffs have failed to make any prima facie claim for intentional misrepresentation and any claim under the New Jersey Consumer Fraud Act against Dy. The plaintiffs admitted in their own deposition testimony that Dy made no representations regarding the property. Plaintiffs cannot assert they were "convinced by Dy" if he never made any representations.

There are also inconsistencies with the final pretrial order and the plaintiffs' amended complaint which must be addressed. The plaintiffs state in their amended complaint in paragraph 32, that defendant David "requested the plaintiffs to pay $6000 they received from the IRS as a tax refund to him for various costs in association with the mortgage transaction. Plaintiffs paid the $6000 to Defendant Mr. David."[10] The plaintiffs first allege against Dy as a "contested fact" in the pretrial order that "Defendant Dy told the Plaintiffs to pay the full $6000 to him for various costs in association with the mortgage transaction. Plaintiffs paid the $6000 to Dy."[11] Although, prior to this the plaintiffs never made this allegation against Dy in this case or the adversary proceeding filed in New Jersey Bankruptcy Court.[12]

---

[9] See Exhibit 12 of Dy's Motion for Summary Judgment, Docket Numbers 95 & 96.
[10] See Plaintiffs' Amended Complaint, also attached as Exhibit "14" in Dy's Motion for Summary Judgment, Docket Entry Number 95 & 96.
[11] See Final Pretrial Order, Docket No. 76.
[12] See Adversary Proceeding Case No. 07-23531 filed in the New Jersey Bankruptcy Court.

As there are several flaws in the final pretrial order, the Court should reconsider Dy's motion for summary judgment. The pleadings, discovery, disclosure materials on file and affidavits should be reconsidered along with the final pretrial order. (See Docket Entry Numbers 95, 96 & 97). The final pretrial order contains "contested facts" of the plaintiff which are either uncontested facts or nothing more but vague, general and unsupported allegations. The plaintiffs have had several opportunities to alter their allegations and legal theories as this case was pending in this Court and the New Jersey Bankruptcy Court.

It would be a manifest injustice for Dy to be forced to continue to defend himself in this litigation where the plaintiffs have failed to make out any prima facie claim or provide sufficient evidence to support any claim against Dy.

## CONCLUSION

It is respectfully requested that this Honorable Court Reconsider its Opinion and Order and enter a judgment in favor of Defendant Alexander Dy with respect to all counts of the plaintiffs' amended complaint.

Dated: August 11, 2010

                                      Respectfully Submitted,

                                      Del Carmen & Mangal, P.C.
                                      Attorneys for Defendant
                                      Alexander Dy


                                      By:/s/ Tamara Ann L. Del Carmen
                                            Tamara Ann L. Del Carmen

## Certificate of Service

The undersigned hereby certifies that the following documents:

1. Notice of Motion for Reconsideration
2. Brief in Support of Motion for Reconsideration
3. Proposed Order

were filed this day via the Court's Case Management/Electronic Case Filing System (Cm/ECF), and thereby served pursuant to L. Civ. R 5.2 and Fed. R. Civ. 5, upon the following:

Shmuel Klein, P.C.
113 Cedarhill Avenue
Mahwah, NJ 07430

One copy of each of the aforementioned documents will be served via regular mail on or before August 12, 2010 on the following:

Carol Zagoric
3 Kimberly Lane
Glenwood, NJ 07418

Lynn Lazaro
33 Oak Ridge Road
Montague, NJ 07827

I hereby certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: August 11, 2010

/s/Tamara Ann L. Del Carmen