```
_____
HENRY PETERS AND PAMELA PETERS,   : UNITED STATES DISTRICT
                                  : COURT DISTRICT OF NEW JERSEY
                                  :
                     Plaintiffs,  : Case No. 07-CV-2210 (KSH-PS)
                                  :
               v.                 :        CIVIL ACTION
ROLAND DAVID, NATIONAL            :
COMMERCIAL BUSINESS CREDIT;       :
R. DAVID & ASSOCIATES PA, LLC;    :
FINANCIAL SERVICES GROUP, LLC;    :
CREDIT MANAGEMENT & RECOVERY      :
SERVICES, INC.; GOLDSTAR          :
MORTGAGE; ALEXANDER DY; PNC       :    Joint Proposed
BANK; CAROL ZAGORIC; JOANNE       :    Jury Verdict Sheet
RAGGI; FGC COMMERICAL MORTGAGE    :
FINANCE; JOURNEYMAN TITLE         :
AGENCY, INC.; CHICAGO TITLE       :
INSURANCE COMPANY; LYNN           :
LAZARO; JOHN DOE 1 through        :
10; and XYZ INC., ten names       :
being fictitious and unknown      :
to the plaintiffs, the person     :
or parties intended being         :
the persons or parties, if        :
any,                              :
                     Defendants.  :
_____   :
```

**Defendant's Proposed Verdict Sheet**

SECTION I

Plaintiffs' claim against the Defendant Dy

   1.  Have the plaintiffs proven by a preponderance of the evidence that Defendant Dy is

a "creditor," as defined under the Federal Truth in Lending Act?

      Yes_____         No_____

If your answer is "Yes," then please proceed to question 2.

If your answer is "No," then your deliberation is complete and your foreperson should go

to question 4.

2. Have the plaintiffs proven by a preponderance of the evidence that transaction with

Defendant Dy is subject to the Federal Truth in Lending Act?

      Yes_____         No_____

If your answer is "Yes," then please proceed to question 3.

If your answer is "No," then your deliberation is complete and your foreperson should go

to question 4.

3. Have the plaintiffs proven by a preponderance of the evidence that Defendant Dy violated

the Federal Truth in Lending Act?

      Yes_____         No_____

If your answer is "Yes," then please proceed to question 3.

If your answer is "No," then your deliberation is complete and your foreperson should go

to question 3 .

   4.  Do you find that plaintiffs proven by a preponderance of the evidence that defendant

violated the New Jersey Consumer Fraud Act 56:8-2 against plaintiff?

Yes_____         No_____

If you answer is "Yes," then please proceed to question 5.

If your answer is "No," then your deliberation is complete and your foreperson should go to question 5.

5.  Do you find that plaintiffs proven by a preponderance of the evidence that defendant violated the New Jersey Consumer Fraud Act 56:8-2.2 against plaintiff?

Yes_____         No_____

If you answer is "Yes," then please proceed to question 6.

If your answer is "No," then your deliberation is complete and your foreperson should go to question 6.

6.  Do you find that plaintiffs proven by a preponderance of the evidence that defendant violated the New Jersey Consumer Fraud Act 56:8-2.22 against plaintiff?

Yes_____         No_____

If you answer is "Yes," then please proceed to question 7.

If your answer is "No," then your deliberation is complete and your foreperson should go to question 7.

7.  Do you find that plaintiffs proven by a preponderance of the evidence that the transaction with defendant is a "federally related mortgage"?

Yes_____         No_____

If you answer is "Yes," then please proceed to question 8.

If your answer is "No," then your deliberation is complete and your foreperson should go to section II.

8.  Do you find that plaintiffs proven by a preponderance that the transaction between the

plaintiffs and Dy is subject to the Federal Real Estate Settlement Procedures Act?

Yes_____                    No_____

If you answer is "Yes, "then please proceed to question 9.

If your answer is "No," then your deliberation is complete and your foreperson should go

to question Section II.

9.  Do you find that the plaintiffs have proven by a preponderance that the defendant

violated the Federal Real Estate Settlement Procedures Act?

Yes_____                    No_____

If you answer is "Yes," then proceed to Section II.

If your answer is "No," then your deliberation is complete and your foreperson should go

to Section II.

### Section II Defendant's Affirmative Defenses

10.  Has the defendant proven by a preponderance of the evidence that the plaintiffs executed

the contract of sale and deed?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then proceed to question 11.

11. Has the defendant proven by a preponderance of the evidence that the plaintiffs conduct

was inequitable or in bad faith?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then proceed to question 12.

12. Has the defendant proven by a preponderance of the evidence that the plaintiffs come to

Court with "unclean hands"?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then proceed to question 13.

13. Has the defendant proven by a preponderance of the evidence that the plaintiffs claims

are barred by "equitable estoppels"?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then proceed to question 13.

14. Has the defendant proven by a preponderance of the evidence that he was not the cause

proximate or otherwise of any alleged damages to the plaintiffs?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then proceed to question 14.

15. Has the defendant proven by a preponderance of the evidence that any alleged damages

to the plaintiffs were cause by the acts or omissions of the the the other defendants,

Roland David, National Commercial Business Credit, R. David & Associates, Carol

which defendant Dy had no control?

Yes_____                    No_____

If you answer is "Yes," then you have completed your deliberation.

If your answer is "No," then your proceed to question 16

16. Has the defendant proven by a preponderance of the evidence that any alleged damages

to the plaintiffs were cause by the acts or omissions of the the other defendants,

Roland David, National Commercial Business Credit, R. David & Associates, Carol

which defendant Dy had no control?

    Yes_____    No_____

    If you answer is "Yes," then you have completed your deliberation.

    If your answer is "No," then your proceed to question 16

17. Has the defendant proven by a preponderance of the evidence that the plaintiffs were

responsible for their own alleged damages under contributory or comparative negligence?

    Yes_____    No_____

    If you answer is "Yes," then you have completed your deliberation.

    If your answer is "No," then proceed to Section III.

18. If your answer is Yes to questions 3,4,5,6 or 9 and No for questions 10-17, proceed to

section V entitled Plaintiffs Damages.

## Section III Counterclaims of the Defendant

19. Has the defendant proven by clear and convincing evidence proven his claim against the

plaintiffs for fraud, false pretenses, and misrepresentation?

   Yes_____   No_____

If your answer is "Yes," then please proceed to question 19.

If your answer is "No," then your deliberation is complete and your foreperson should go

to question 19.

19. Have the plaintiffs proven by a preponderance of the evidence his claim against the

plaintiffs for respondeat superior negligence?

    Yes_____   No_____

If your answer is "Yes," then your deliberation is complete.

If your answer is "No," then your deliberation is complete and your foreperson should go to Section VI.

20. If your answer is Yes to any question 18 or 19, go to Section V entitled Damages. Defendant's Claims

## Section V Damages (Parties Agree)

### Plaintiffs' claims

1. We the jury find in favor of the plaintiffs on the claim under TILA as against defendant.

   a. Roland David                                        Percentage of Liability____

   b. Goldstar Mortgage          Yes _____     No _____ Percentage of Liability_____

   c. Joanne Raggi                                        Percentage of Liability_____

   d. Carol Zagoric                                       Percentage of Liability_____

   e. Journeyman Title Agency Inc. Yes _____  No _____ Percentage of Liability_____

   f. PNC Bank           Yes _____     No _____ Percentage of Liability_____

   g. Lynn Lazaro                                         Percentage of Liability_____

   h. Chicago Title Insurance   Yes _____     No _____ Percentage of Liability_____

   i. Alexander Dy      Yes _____     No _____ Percentage of Liability_____

We assess damages in the amount of _____.

2. We the jury find in favor of the plaintiffs on the claim under the NJ Consumer Fraud Act 56-8.2 as against defendant.

   a. Roland David

   b. Goldstar Mortgage          Yes _____     No _____ Percentage of Liability_____

   c. Joanne Raggi               Yes _____     No _____ Percentage of Liability_____

      d.  Carol Zagoric              Yes _____     No _____ Percentage of Liability_____

      e.  Journeyman Title Agency Inc. Yes _____   No _____ Percentage of Liability_____

      f.  PNC Bank         Yes _____     No _____ Percentage of Liability_____

      g.  Lynn Lazaro        Yes _____     No _____ Percentage of Liability_____

      h.  Chicago Title Insurance   Yes _____     No _____ Percentage of Liability_____

      i.  Alexander Dy   Yes _____     No _____ Percentage of Liability_____

We assess damages in the amount of _____.

**3.**  We the jury find in favor of the plaintiffs on the claim under NJ Consumer Fraud Act of 56-8.2.2 as against defendant.

a.  Goldstar Mortgage   Yes _____     No _____ Percentage of Liability_____

b.  Joanne Raggi        Yes _____     No _____ Percentage of Liability_____

c.  Carol Zagoric        Yes _____     No _____ Percentage of Liability_____

d.  Journeyman Title Agency Inc. Yes _____   No _____ Percentage of Liability_____

e.  PNC Bank    Yes _____     No _____ Percentage of Liability_____

f.  Lynn Lazaro   Yes _____     No _____ Percentage of Liability_____

g.  Chicago Title Insurance   Yes _____     No _____ Percentage of Liability_____

h.  Alexander Dy        Yes _____     No _____ Percentage of Liability_____

We assess damages in the amount of _____.

**4.**  We the jury find in favor of the plaintiffs on the claim under NJ Consumer Fraud Act of 56-8.22 as against defendant. We assess damages in the amount of _____.

a.  Goldstar Mortgage   Yes _____     No _____ Percentage of Liability_____

b.  Joanne Raggi        Yes _____     No _____ Percentage of Liability_____

c.  Carol Zagoric        Yes _____     No _____ Percentage of Liability_____

d.  Journeyman Title Agency Inc. Yes _____   No _____  Percentage of Liability_____

e.  PNC Bank      Yes _____     No _____  Percentage of Liability_____

f.  Lynn Lazaro    Yes _____     No _____  Percentage of Liability_____

g.  Chicago Title Insurance    Yes _____     No _____  Percentage of Liability_____

h.  Alexander Dy         Yes _____     No _____  Percentage of Liability_____

We assess damages in the amount of _____.

**5.**  We the jury find in favor of the plaintiffs on the claim under RESPA as against defendant. We assess damages in the amount of _____.

a.  Goldstar Mortgage     Yes _____     No _____  Percentage of Liability_____

b.  Joanne Raggi         Yes _____     No _____  Percentage of Liability_____

c.  Carol Zagoric         Yes _____     No _____  Percentage of Liability_____

d.  Journeyman Title Agency Inc. Yes _____   No _____  Percentage of Liability_____

e.  PNC Bank      Yes _____     No _____  Percentage of Liability_____

f.  Lynn Lazaro    Yes _____     No _____  Percentage of Liability_____

g.  Chicago Title Insurance    Yes _____     No _____  Percentage of Liability_____

h.  Alexander Dy         Yes _____     No _____  Percentage of Liability_____

We assess damages in the amount of _____.

### Defendant's Claims

1.  We the jury find in favor of the defendant on the claim under fraud, false pretenses and misrepresentations as against plaintiffs. We assess damages in the amount of $_____.

2.   We the jury find in favor of the defendant on the claim under Respondeat Superior Negligence as against plaintiffs. We assess damages in the amount of $_____.

### Section VI (Parties Agree)

### Signature

FOREPERSON

Sign Name:_____

Print Name:_____

Dated: _____, 2012

**Plaintiffs' Proposed Verdict Sheet**

Do you find that by the preponderance of the evidence that Defendant Dy made a credit transaction with the Plaintiffs?

Answer: _ Yes _ No

[If the answer to question 1 is no, please STOP, you are finished with the TILA section]

2.  Do you find by the preponderance of the evidence that the Defendants provided Ms. Peters with two copies of the Notice of Right to Cancel on August 24, 2006, the date of the loan closing?

Answer: _ Yes _ No

[If the answer to question 1 is yes, please STOP, you are finished with the TILA section]

2.  Do you find by the preponderance of the evidence that the Defendants provided Ms. Peters with two copies of the Notice of Right to Cancel after August 24,, 2006, the date of the loan closing?

Answer: _ Yes _ No

[If the answer to question 2 is yes, please continue to question 3, if the answer to question 2 is no, please continue to [a question regarding statutory damages].]

3.  If you find by a preponderance of the evidence that the Defendants provided Ms. Peters with two copies of the Notice of Right to Cancel after August 24,, 2006, do you find by a preponderance of the evidence that the Notices would have clearly and conspicuously informed a reasonable consumer of his or her right to cancel the loans?

Answer: _ Yes _ No

[If the answer to question 3 is yes, please STOP, you are finished with the TILA section]

Do you find that by a preponderance of the evidence that Plaintiffs received disclosure of the cost of the transaction between them and Alexander Dy before the transaction?

Answer: _ Yes _ No

5.  Do you find that by a preponderance of the evidence that Plaintiffs received disclosure of the cost of the transaction between them and Alexander Dy after the transaction?

Answer: _ Yes _ No

6.  Do you find that by a preponderance of the evidence that Plaintiffs have the right to rescind or cancel this transaction?

Answer: _ Yes _ No

[If the answer to question 3 is no, please STOP, you are finished with the TILA section.  If your answer is yes, please continue.]

7.   What is the amount of finance charges charged to Plaintiff?

$ _____

8.  What is the amount of the actual damages to Plaintiff?

$ _____

**CONSUMER FRAUD ACT**

1.    On Plaintiff Mr. and Mrs. Peters's Consumer Fraud Act claim, do you find that Plaintiff Mr. and Mrs. Peters have proved that it is more likely than not that Defendant Alexander Dy engaged in predatory credit transaction through an unconscionable commercial practice?

Yes _____ No _____

2. On Plaintiff Mr. and Mrs. Peters's Consumer Fraud Act Claim, do you find that Plaintiff Mr. and Mrs. Peters has proved that it is more likely than not that Defendant Alexander Dy made a false promise or pretense in connection with the transacion between them?

Yes _____ No _____

3. On Plaintiff Mr. and Mrs. Peters's Consumer Fraud Act Claim, do you find that Plaintiff Mr. and Mrs. Peters has proved that it is more likely than not that Defendant Alexander Dy omitted material information in connection with the transacion between them?

Yes _____ No _____

**ASCERTAINABLE LOSS/DAMAGES**

5. If you answered "yes" to Question 1, 2 or 3 do you find that Plaintiff Mr. and Mrs. Peters incurred an ascertainable loss causally related to entering the transaction with Alexander Dy?

Yes _____ No _____

6. If the answer to Question 5 is "yes", then how much money do you award Plaintiff Mr. and Mrs. Peters for her losses?

$_____

7. If you answered "yes" to Question 4, do you find that Plaintiff Mr. and Mrs. Peters is entitled to compensation for the losses she has incurred due as a result of of the Alexander Dy transaction?

Yes _____ No _____

8. If the answer to Question 7 is "yes", then how much money do you award Plaintiff Mr. and Mrs. Peters for her losses?

$_____

7. If you answered "yes" to Question 4, do you find that Plaintiff Mr. and Mrs. Peters is entitled to compensation for the losses she has incurred due as a result of of the Alexander Dy credit transaction?

Yes _____ No _____

8. If the answer to Question 7 is "yes", then how much money do you award Plaintiff Mr. and Mrs. Peters for her losses?

$_____

RESPA

Verdict Sheet

1. Do you find that by the preponderance of the evidence that transaction between the Plaintiffs and Alexander Dy involved in whole or in part a "federally related mortgage loan.?

Answer: _ Yes _ No

[If the answer to question 1 is no, please STOP, you are finished with the TILA section]

2. Do you find that by the preponderance of the evidence that transaction between the Plaintiffs and Alexander Dy involved giving or receiving "any fee, or thing of value pursuant to any agreement or understanding?

Answer: _ Yes _ No

3. Do you find that by the preponderance of the evidence that transaction between the Plaintiffs and Alexander Dy involved giving or receiving a portion "of any charge...for the rendering of a real estate settlement service...other than for services actually performed.

Answer: _ Yes _ No

4. Do you find that by the preponderance of the evidence that transaction between the Plaintiffs and Alexander Dy that there was a overcharge?

Answer: _ Yes _ No

4. Do you find that by the preponderance of the evidence that transaction between the Plaintiffs and Alexander Dy there was a disclosure of costs of the credit?

Answer: _ Yes _ No

6. What was the amount of the overcharge(s)?

$ _____

Did Defendant Dy did use of a statement in writing—
 that is materially false;
respecting his financial condition;
on which Plaintiff reasonably relied and
that Dy caused to be made or published with intent to deceive?

Answer: _ Yes _ No

When Defendant failed to plaintiffs any money or any consideration for the conveyance of their home as agreed did that constitute fraud or defalcation while activating in a fiduciary capacity,, embezzlement,, or larceny?

Answer: _ Yes _ No

Did Defendant Dy obtain money,, property, services,, or an extension of credit,  which was obtained by (A) false prettenses,, a false representation, or actual fraud"?

Answer: _ Yes _ No

Did Defendants"s acts constitute willful and malicious injury to Plaintiffs and their property?


Answer: _ Yes _ No

Did Defendant intend to hinder delay, or defraud Plaintiff?


Answer: _ Yes _ No

Did Defendant Dy knowingly and fraudulently made a false oath or account?

Answer: _ Yes _ No


Did Defendant Dy knowingly and fraudulently presentted or used a false claim?

Answer: _ Yes _ No


Did Defendant Dy knowingly and fraudulently gave,, offered,, received,, or attempted to obtain money,, property,, or advantage,, or a promise of money,, property,, or advantage,, for acting or forbearing to act?


Answer: _ Yes _ No


**<u>Defendant Objects to Plaintiffs' Proposed Jury Verdict Sheet</u>**

        Pursuant to Judge Shwartz' instructions, the parties were
to prepare joint proposed instructions, voire dire, and verdict
sheet that does not include any alleged facts. The main
objective is to properly list the elements of the claims,
counterclaims and affirmative defenses. Contrary to the Court's

direction, plaintiff's proposed verdict questions include new allegations of fact and theories of law. The plaintiffs are proposing instructions in relation to bankruptcy dischargeability issues and elements that are not to be determined by the jury. Plaintiffs' instructions include elements for intentional misrepresentation, which is not a cause of action. These instructions may confuse and mislead the jury. The additions pertaining to intentional misrepresentation are frivolous, futile and prejudicial to defendant Dy.

   Defendant objects to the Plaintiffs' Proposed Jury Verdict Sheet Defendant Dy has filed for Chapter 7 Bankruptcy and has received a final discharge of debt. As a result, if any liability and/or damages are determined, these may be dischargeable. The plaintiffs are attempting to determine that any awards are non-dischargeable pursuant to Section 523 of the Bankruptcy Court. The Bankruptcy Court has the sole authority to determine non-dischargeability of a debt. The proposed verdict questions is prejudicial towards Dy, as he will not have an opportunity for the Bankruptcy Court to determine the issue of dischargeability of any damages, if any.

   The plaintiffs' proposed verdict questions improperly raises new alleged theories of law and factual allegations. These new factual allegations and legal theories such as "predatory consumer transaction" are not in the pleadings or the

Final Pretrial Order.  The plaintiffs instructions for New
Jersey Consumer Fraud Act includes instructions on omissions
which never were pleaded. Plaintiffs allegations are based on
affirmative act. Plaintiffs attempt to amend their complaint
without the party making a proper application to amend pursuant
to Federal Rules. In addition, the plaintiffs instructions
include improper elements under the statutes and regulations.
These amendments are futile and would prejudice defendant Dy.
The elements of the statutes and regulations either do not apply
or are ambiguous. Plaintiffs' proposed verdict sheet may confuse
and mislead the jury.

**Plaintiffs' Response**

Plaintiff's reply to Defendant's objection:

The jury verdict tracks the statutes elements and in plain language asks the jury for its

determinations of the facts of this case from the testimony and evidence in the trial.

Regarding the bankruptcy questions, Defendant Dy filed a Chapter 7 bankruptcy petition and

Plaintiffs filed an action to except their claims from his discharge. The bankruptcy Judge decided

that this Court should make a determination regarding Plaintiffs claims which Plaintiffs argues

included the issues which a fact finder would determine dischargeability.